[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 585 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 586 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 587 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 588 
The point was not taken by the defendant at any stage of the trial, that the plaintiff had not given sufficient proof, tending to establish the parol agreement claimed by him, to wit: That in consideration of the conveyance of the land to the defendant, it was to give to the plaintiff at his yards and pens the business of temporarily keeping and feeding all the stock which should be transported upon its road eastward from Niagara river. Hence we must assume, for the purposes of the appeal, that the parol agreement, as testified to by the plaintiff, was established. We must also assume that this agreement was void under the statute of frauds, for such is the claim on the part of the defendant, and it was upon this theory alone that the recovery was based, and upon it alone the plaintiff seeks to uphold the judgment. As the consideration for the plaintiff's land, the defendant agreed to pay him one dollar and to give him the stock business at his yards. It paid him the one dollar and gave him all the business for the year 1855 and part of it for the year 1856, and out of this business the plaintiff made profits to the amount of about $6,000. And yet he brings this action to recover the entire value of the land conveyed by him on the ground of a total failure of the consideration of his conveyance. A mere statement *Page 590 
of the case shows that the action must be without foundation.
If one pays money, or renders service, or delivers property upon an agreement condemned by the statute of frauds, he may recover the money paid in an action for money had and received, and he may recover the value of his services and of his property upon an implied assumpsit to pay, provided he can show that he has been ready and willing to perform the agreement, and the other party has repudiated or refused to perform it. (Gillet v.Maynard, 5 John., 85; King v. Brown, 2 Hill, 439; Cook v.Doggett, 2 Allen, 439; Erben v. Lorillard, 19 N.Y., 299;Richards v. Allen, 17 Maine, 296.)
While the law in such case will not sustain an action based upon the agreement, it still recognizes its existence and treats it as morally binding, and for that reason will not give relief against a party not in default, nor in favor of a party who is in default in his performance of the agreement.
A party who has received anything under such an agreement, and then has refused to perform it, ought in justice to pay for what he has received, and hence the law for the purpose of doing justice to the other party will imply an assumpsit.
An assumpsit is never implied except where the justice and equity of the case demand it. A party entering into an agreement, invalid under the statute of frauds, is charged with knowledge that he cannot enforce his agreement, and if he, not being in default, has received part of the consideration of his agreement, upon what principle of justice or equity will the law imply an assumpsit on the part of the party in default still to pay the entire consideration? Yet such an assumpsit has been enforced in this case.
Suppose one agree by parol to work for another for ten years for the consideration of $500, to be paid at the end of that time, and also a piece of land to be conveyed to him, and at the end of the time, the $500 be paid and the conveyance of the land refused, can he, upon an implied assumpsit, recover the entire value of his services? If he has received no part of *Page 591 
the consideration agreed to be paid to him, the law will imply a promise to pay him what his services are worth, and will enforce such promise. But what shall be done when he has received part of the consideration? He should not be left without any remedy for the balance honestly due him, but upon the same principles of justice and equity the law should imply a promise to pay the balance.
Here the plaintiff was to receive for his land one dollar and the stock business at his yards. The one dollar may be regarded as merely nominal, and the other must be held to be the substantial consideration. The plaintiff expected to get the value of his land in the profits which he should make out of the business which the defendant should give him. This business the defendant gave to the plaintiff for one year, at least, just as it agreed to, and out of it the plaintiff appears to have made profits much greater than the value of the land conveyed. These profits were the very consideration contemplated by the parties for the conveyance of the land, and to the extent that the plaintiff has had the business and profits, he has had the very consideration he contracted for. Suppose the defendant had agreed to pay plaintiff $100 and also to give him the stock business, could the plaintiff in this action after receiving the $100 recover the whole value of the land, entirely ignoring the money payment? Suppose, instead of giving the defendant land, the plaintiff had paid it money for the same consideration, could he, under the circumstances of this case, recover back all the money paid in an action for money had and received? Clearly not. The very basis upon which the action rests forbids it. As said by Lord MANSFIELD, in Moses v. Macferlan (2 Burrows, 1005), "if the defendant be under an obligation from the ties of natural justice to refund, the law implies a debt and gives this action founded in the equity of the plaintiff's case." And he says the action "is equally beneficial to the defendant. It is the most favorable way in which he can be sued; he can be liable no further than the money he has received; and against that *Page 592 
may go into every equitable defence upon the general issue; he may claim every equitable allowance; he may prove a release without pleading it; in short, he may defend himself by everything which shows that the plaintiff, ex equo et bono, is not entitled to the whole of his demand or to any part of it." And in Longchamp v. Kinny (1 Douglas, 137) the same learned judge says: "Great benefit arises from a liberal extension of the action for money had and received, because the charge and defense in this kind of action are both governed by the true equity and conscience of the case." It would be against both equity and good conscience to allow the plaintiff in the case supposed to recover all the consideration which he had paid when he had already received a part of the benefit and consideration which he had contracted for. Within the principles laid down in the cases cited he would be permitted to recover the balance only of the money paid by him after deducting the value of so much of the consideration as he had received, and if it could be shown in such case by the defendant that plaintiff had actually received from the defendant upon the agreement more than he had paid there would be no basis of law or equity for the action to stand on. The same principles of justice and equity should be applied to this case. The plaintiff's equities can be no greater that he paid in land rather than in money. The agreement cannot be enforced. Neither party can in this action be allowed any benefit from it or any damage for its breach. The defendant having repudiated the agreement, the plaintiff can recover for his land as if there had been no agreement as to the amount of the consideration, but he must allow so much of the consideration as has been paid; and if he has received more in the profits of the business which the defendant brought to him under the agreement than the value of his land, he can recover nothing. If the profits are less than the value of the land, then he can recover the balance.
It was not necessary for the plaintiff to tender the profits to the defendant before the commencement of the action. They were part of the consideration received by him for his *Page 593 
conveyance, and he has the same right to hold them as if so much money had been paid to him by the defendant. His claim is against the defendant for the balance, if any, of the value of the land. These views are fully supported by well recognized principles of law. I find no authority in conflict with them, and the case ofRichards v. Allen (17 Maine, 296) is the only authority which has come to my notice directly in point. In that case there was a verbal contract between the plaintiff and defendant for the purchase and sale of a farm, and the plaintiff had delivered to the defendant upon the contract a quantity of brick and a yoke of oxen. After the plaintiff had been in possession of the farm for about twenty years the defendant conveyed it to another person and refused to convey to the plaintiff. He then sued the defendant in assumpsit for the value of the brick and oxen, and it was held that he could recover, but that he must allow for the use of the land. The court says: "But the plaintiff's claim must be limited to what is just and equitable under all the circumstances. He had made some payments, but he had enjoyed the farm for eighteen or twenty years. The jury should have been permitted to take this into consideration even without an account in offset, as it was necessarily connected with the plaintiff's claim, and was of a character to affect and qualify it."
My conclusion, therefore, is that the judgment should be reversed and new trial granted, costs to abide event.
All concur except JOHNSON, C., not sitting.
Judgment reversed. *Page 594