OLIVER H. DAY, RESPONDENT, *v.* THE NEW YORK CEN-
TRAL RAILROAD COMPANY, APPELLANT.

*Oral agreement, not to be performed within a year—no damages recoverable for*
*breach of—when property parted with on the faith of, may be recovered back—*
*Interest—not allowed when the damages are unliquidated.*

In 1855, the plaintiff and defendant entered into an oral agreement, by which
the former conveyed to the latter (a railroad company) certain lands, and
a right of way over other real property, and the latter agreed to lay a sepa-
rate track to the adjoining lands of the plaintiff, and to bring the cattle
and stock, which might come to it from the West, to the said plaintiff's
lands, to be there fed and cared for. The plaintiff conveyed the land and
right of way to the defendant, but the latter shortly thereafter repudiated
the agreement, and failed and refused to bring the cattle to the plaintiff's
yard.

In this action, brought by the plaintiff in 1857, to recover the damages occa-
sioned to him thereby, *Held*, that as the parol agreement was void, because
it was not to be performed within one year, the plaintiff could not recover
the damages occasioned by the breach thereof.

That, as the defendant had repudiated the agreement after a partial perform-
ance thereof, the plaintiff was entitled to recover the value of the land and
right of way conveyed, after deducting therefrom the value of the partial
performance of the agreement by the defendant, viz., the profits made by
him from the business brought to him by the defendant.

That, in determining the amount of the profits realized by him, the amount
expended by him in the construction of the cattle yards and sheds, and the
rental value of the land covered by them, were properly submitted to the
jury, for their consideration.

That, as the value of the land and the right of way was not fixed by the agree-
ment, and as it could not be ascertained by reference to any public market,
or computed by reference to any well-ascertained mode, the damages were
unliquidated, and that it was error to allow interest from the time of the
commencement of the action upon the value, as determined by the jury.

APPEAL by the defendant from a judgment in favor of the
plaintiff, entered upon the verdict of a jury, and from an order
denying a motion for a new trial, made upon a case and exceptions.

This action was commenced November 30, 1857, to recover the
damages caused by the failure of the defendant to carry out an
oral agreement made with the plaintiff in 1855. By the agreement
the plaintiff agreed to, and did convey to the defendant certain lands,

and a right of way over others, and the defendant agreed to lay a separate track to adjoining lands of the plaintiff, and bring to sheds and a yard to be prepared by him all the cattle and stock that might come to it from the West. The defendant, thereafter, repudiated the agreement and refused to perform it. The suit was originally instituted to recover the profits, alleged to have been lost before the commencement of the action. There was a general denial, and upon this issue the action was brought to trial November 16, 1858, and a verdict rendered for the plaintiff for $4,384. On an appeal to the General Term, taken by the defendant, a new trial was ordered upon the ground that the agreement between the parties, not being in writing, was void by the statute of frauds, because it was not to be performed within one year, and because it created an interest in the lands of the plaintiff. (31 Barb., 548.)

The plaintiff then amended his complaint, by adding a second count, being a common count for land and right of way sold; for use of lands and premises; and for work, labor and materials, and expenses in constructing cattle yards, &c. Under the pleadings as amended a second trial was had, and a verdict rendered for the plaintiff May 20, 1867, for $2,500. The defendant again appealed to the General Term, and a new trial was granted by the General Term in November, 1867 (53 Barb., 250), upon the ground that the court, on the trial, erred in charging the jury that they might allow the plaintiff damages for the diminished value of the use of the cattle yards and pens, occasioned by the refusal of the defendant to perform its contract, and that the recovery should have been limited to such damages as would compensate the plaintiff for what the defendant had received from him under the contract. The cause was again tried on January 29, 1868, and a verdict was rendered for the plaintiff for $828.58. The defendant again appealed to the General Term and thence to the Court of Appeals, and in March, 1873, a new trial was granted by the Commission of Appeals; EARL, C., delivering the opinion. (51 N. Y., 583.) The court on the trial charged the jury that the plaintiff could recover for the value of the land and right of way; and the new trial was granted, upon the ground that this charge was wrong, and that the plaintiff could only recover the value of the land and right of way,

deducting therefrom the profits realized by him from the business during the time of the performance of the agreement on the part of the defendant. A fourth trial was had in September, 1876, when the jury disagreed, and a fifth trial on February 6, 1877, when a verdict was rendered for the plaintiff for $500, as the value of the land and right of way, after deducting the profits and interest thereon, from November 30, 1857, amounting in all to $1,171.56.

*E. C. Sprague*, for the appellant.

*Ellsworth & Potter*, for the respondent.

HARDIN, J. :

When this case was before the Commission of Appeals, that court decided, viz. : " When one conveys to another lands under a parol agreement not to be performed within one year, and so void under the statute of frauds, if after a partial performance, the grantee repudiates the *agreement* the grantor can recover *the value of the lands*, deducting therefrom the value of the partial performance. . . . . . In an action to recover the value of the land conveyed, the plaintiff was entitled to recover the value deducting therefrom the profits realized by him, *from the business* during the time of the *performance* of the agreement on the part of defendant. Also as the profits received were *part of the consideration*, plaintiff was not bound to tender them to defendant before bringing suit." (*Day* v. *N. Y. C. R. R.*, 51 N. Y., 583.) The learned commissioner, in delivering the opinion of the court, said : " The agreement cannot be enforced. Neither party can, in this action, be allowed any benefit from it, or any damage for its breach, the defendant having repudiated the agreement, the plaintiff can recover for his land as if there had been no agreement as to the amount of the consideration ; but he must allow so much of the consideration as has been paid, and if he has received more in the profits *of the business* which the defendant brought to him under the agreement, than the value of his land, he can recover nothing. If the profits are less than the value of the land, then he can recover the balance."

We must accept the conclusions thus laid down as the law of this case, and in examining the trial now before us, apply them to the case. In *Richards* v. *Allen* (17 Maine, 296), quoted by the learned commissioner who delivered the opinion we have just quoted from, it was said : " But the plaintiff's claim must be limited to what is just and equitable *under all the circumstances.*" At the close of the evidence the defendant asked to have the court direct a verdict for the defendant and to grant a nonsuit. The court declined, and an exception was taken by the defendant. Among the grounds put forward in the motion, it was stated, " that no profits were shown to exist, and that farther, no basis has been established for computing such profits, so that the plaintiff in any event is only entitled to nominal damages."

And also upon the further ground that the contract alleged and sought to be proved in this action, was void by the statute, not being in writing, and also because it operated in the restraint of trade and was against public policy. We must assume, as was held by the Commission of Appeals, that the contract was void. As the defendant took the objection to the contract, and it being void, the plaintiff was entitled to recover the value of his land and right of way conveyed to the defendant in reliance upon such void agreement, it became a question of fact for the jury upon the evidence to determine what was the value of the land and right of way conveyed by the plaintiff. So, too, under the ruling of the Commission of Appeals, it was a question of fact for the jury to determine, what *if any profits* the plaintiff received from " the business which the defendant brought to him under the agreement."

As there was a conflict in the evidence in respect to what profits, if any, the plaintiff received, we think the court properly refused to take that question from the jury, and there was no error in regard to it in overruling the defendant's motion that a verdict be directed for the defendant. It was also a question of fact for the jury to determine what were the terms of the contract, and whether the defendant was justified in receding from it, or in re fusing to keep its terms, or whether it was justified in turning its business away from the plaintiff, by reason of the terms of the

agreement, or by any failure on the part of the plaintiff to observe the conditions and stipulations of the contract. It is urged upon us that "the court erred in allowing the jury to ascertain what would have been made by the plaintiff upon the contract, if this business had been continued, and had not been terminated by the defendant, and whatever that may be, not, however, exceeding in any event what may have been the value of the lands."

The language of the case in regard to the exception claimed to present error is, viz.: "Defendant's counsel excepted to the charge that the jury may find that the plaintiff would have received profit enough to reimburse him," and asked the court to charge the jury that the burden of proof lies upon the plaintiff to prove that this business would have been profitable. The court so charged.

We do not think the exception as thus presented brings any error of which the defendant can complain. As already stated, the defendant by its request induced the court to put upon the plaintiff the burden of showing "that the business would have been profitable," and then the defendant excepts to a consideration of the evidence as to the profitableness of the business after the commencement of the war. The court thereupon stated, viz.: "that I think I must allow the jury that liberty in the case, if they reach that point, &c." We think that was quite as favorable as the defendant was entitled to have the jury instructed. Nor do we think there was any prejudicial error in instructing the jury that they might find that there was an agreement by the *defendant* for a definite period of time.

It is claimed by the defendant that the court erred in admitting evidence of the cost of the construction of the cattle yards, and of the value of the use of the lands. The objection to this evidence, was that "it called for immaterial matter in reply."

The witness then stated that the cost of the construction was $5,911.98, the yards occupied twenty acres of land, the rental value of the use of the twenty acres was $150 per year. The only question presented by the exception is whether the evidence was immaterial. As we have already seen, the inquiry before the jury was what profit, if any, has the plaintiff received out of the business which the defendant brought to him under the agreement.

In determining what that profit was, we think it was proper to inquire how many cattle he had fed, what expense he had incurred to purchase or provide feed and accommodations for them, and in the providing suitable accommodations for carrying on the business contemplated by the contract. The yards, the sheds, the ground and the use thereof, seemed to be as essential to carry on the business contemplated by the contract as the produce for the cattle.

We do not see how the profits derived by the plaintiff in the business could fully and justly be ascertained, without considering the legitimate and necessary outlay for yards, sheds, and the use of the land required in the business contemplated by the contract, the profit of which was to be off-set or abated against the value of the land. The inquiry was at most one difficult to be made, one difficult of determining exactly and accurately at the time of the trial, so remote from the period when the business was transacted. No business mind would be satisfied in its inquiry for the profits derived by the plaintiff, without the two facts which were the subject of the exception we are considering.

Standing alone these two facts would not solve the question, but in connection with the other facts disclosed, they were pertinent and material, to bring about an accurate solution of the question. As said by WOODRUFF, J., in *Taylor* v. *Bradley* (39 N. Y., 144) " to reap the benefit of it (the business), he must incur expense, submit to labor and appropriation of his stock," &c. A true deduction could not be arrived at, without taking all the facts attending legitimately the carrying forward of the business contemplated by the contract. We think the evidence was properly received and submitted to the jury upon the question of what profits the plaintiff had received from the business of the contract. It is apparent that with these two facts, coupled with all the other " facts and circumstances," it is difficult to determine what profits the plaintiff derived from the business taken to him by the defendant, and which naturally and legitimately sprung out of the events brought in review by the evidence. No such demonstration can be made from the evidence, as satisfies the mind beyond doubt of its accuracy.

The whole field of inquiry was open to the jury, and their verdict must be assumed to be the result of a fair consideration of all the evidence, after giving each circumstance its due weight. We do not feel at liberty to disturb the verdict as against the evidence. The case seems to be one of those cases, where, as the appellant states, "it is problematical," and we may add, where the solution is so difficult that we cannot set up our conclusions upon the evidence as superior and more accurate than the one reached by the jury.

We see no hardship upon the defendant in requiring it to pay the value of the land, and right of way received by it, less any profits that the plaintiff received through the business of arranging for and feeding cattle temporarily in the possession of the defendant as a common carrier. After applying such profits as part payment due for purchase of the lands, and right of way, the defendant has been found indebted to the plaintiff. Such indebtedness has been in arrear ever since the commencement of this action, November 30, 1857. We think the jury was not authorized to award interest from that date to the rendition of their verdict.

The value of the land and right of way had not been fixed in terms. It remained unliquidated; it could not be ascertained, by reference to any public market, or computed by reference to any well ascertained mode. (*McMahon* v. *N. Y. & Erie Railway*, 20 N. Y., 469; *Smith* v. *Velie*, 60 Id., 107; *White* v. *Miller*, 78 N. Y., 393; opinion of EARL, J.) Nor was the defendant in default in not furnishing a computation basis. We therefore think the case falls under the general rule of unliquidated damages, and that the exception is well taken in respect to the allowance of interest.

We must therefore reverse the judgment, and order a new trial, unless the plaintiff shall stipulate to modify the judgment by striking out the interest, to wit : $   , in which event the verdict will stand for $500, and interest from the date of its recovery. And as so modified, the judgment will be affirmed without costs. If such stipulation be not given, a new trial should be ordered, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment and order reversed, costs to abide event, unless the plaintiff stipulates to reduce the verdict to the sum of $500, in which case the judgment as so modified and the order are affirmed, without costs of this appeal.