SAMUEL G. JEFFERS AND ASENATH W. JEFFERS, APPELLANTS, *v.* CONSTANTINE BANTLEY, IMPLEADED, ETC., RESPONDENT.

*Grounds of a motion for a new trial must be stated — effect of an oral agreement modifying the terms of a written lease for a term of three years.*

Where the appeal-book does not disclose the ground upon which a motion for a new trial was made, and it does not appear by the record that the case contains all of the evidence, the appeal does not present the question whether the verdict is contrary to the evidence, nor any alleged errors on the part of the jury.

In an action brought to recover rent, the defendants admitted that the rent became due on the day mentioned, but alleged that immediately subsequent to the execution of the written lease under which such rent became due, which lease was for a term of three years, an oral contract was made between the parties to such lease, by which, in consideration of the payment by the lessees of five dollars a year more than the rent specified in said lease, the lessors agree to make all neces-

sary repairs on the demised premises, or to permit the defendants, the lessees, to make such repairs and to deduct the cost thereof from the rent reserved; that, subsequent to such oral agreement, the defendants necessarily expended an amount, in making necessary repairs, in excess of the rent to recover which this action was brought :

*Held*, that, although the oral agreement was in violation of the statute of frauds, as it was not to be performed within one year from the making thereof ; that nevertheless, the lessees, as they had not received notice from the lessors of any intention on their part to rescind such oral agreement prior to the time of the making of such repairs, were entitled in this action to offset moneys, actually expended upon the faith of such oral agreement, from the rent reserved by the lease.

APPEAL from a judgment of the Chemung County Court, entered on the verdict of a jury in favor of the defendant, upon a retrial of an action brougbt by appeal to said county court from a justice's court, and from an order denying a motion for a new trial made on the minutes.

*Wilmot E. Knapp*, for the appellants.

*Jacob Schwartz*, for the respondent.

FOLLETT, J. :

Appeal from a judgment of a County Court, entered on a verdict upon a retrial of an action appealed from a Justice's Court and from an order denying a motion for a new trial made on the minutes.

The appeal book not disclosing the grounds upon which the motion for a new trial was made, nor that the case contains all of the evidence, the appeal from the order, if appealable (*Reilley* v. *D. and H. C. Co.*, 102 N. Y., 383), does not present the question that the verdict is contrary to the evidence, nor any of the alleged errors of the jury (*Hinman* v. *Stillwell*, 34 Hun, 178 ; *Cheney* v. *N. Y. C. and H. R. R. R. Co.*, 16 id., 415 ; *Porter* v. *Smith*, 35 id., 118 ; affirmed, 107 N. Y., 531) ; but the questions raised by exceptions may be reviewed upon the appeal from the judgment. February 20, 1884, the parties executed a lease under their hands and seals by which the plaintiffs leased to the defendants certain real estate and machinery for three years from April 1, 1884, for the annual rent of $420, payable in equal bi-monthly payments, to wit, seventy dollars, April 1, 1884, seventy dollars, June 1, 1884, and so on to the end of the term. The lease did not bind the lessors to make any repairs except to

furnish sufficient ceiling for a shop which defendants were to put on. April 1, 1884, the defendants entered into possession and thereafter paid rent, as both parties agree, at the rate $425 per annum, or seventy dollars and eighty-four cents bi-monthly, in advance. The rent due April 1, 1884, was paid in cash. The rent due June 1, 1884, was paid, fifty-nine dollars and eighty-four cents, in cash, and eleven dollars in repairs. The rent due August 1, 1884, was paid, sixty-four dollars and seventy-nine cents, in cash, and six dollars and five cents in repairs. The rent due October 1. 1884, was paid in cash. It does not appear whether the rent due December 1, 1884, February 1, 1885, and April 1, 1885, was paid.

This action was brought to recover seventy dollars, the rent due by the terms of the written lease, June 1, 1885. The defendants admit that the rent due on that day has not been paid; and allege that February 21, 1884 (the day after the execution of the written lease), an oral contract was made between the parties by which, in consideration of the payment of five dollars per annum more rent, the plaintiffs agree to make all necessary repairs on the property, or permit defendants to make such repairs and deduct the cost from the rent, and that in the spring of 1885 the defendants necessarily expended eighty-two dollars and four cents in repairs. That the repairs made were necessary and that the sum expended was reasonable was not disputed on the trial. The facts in issue were : First. Was the oral agreement alleged in the answer made between Bantley, one of the lessees, in behalf of both, and Samuel G. Jeffers, one of the lessors, in behalf of both? Second. Did Asenath W. Jeffers, the other lessor, learn of the oral agreement so made prior to April 1, 1884, and assent to it? Both facts were found in favor of the defendants.

The evidence is undisputed that all payments were made to Samuel G. Jeffers or to Losie, plaintiffs' agent, and it was not claimed that any sums had been paid to Mrs. Jeffers; and the fact called for by the seventh interrogatory was entirely immaterial.

Samuel G. Jeffers testified that $425 was agreed upon as the annual rent before the execution of the written lease, and that thereafter there was no conversation about raising the annual rent five dollars. In reply to this, the defendants were permitted to prove, by the draughtsman of the lease, that he read it to the

parties, and it was not suggested by either that the amount stipulated, $420, was incorrect. It was not error to receive this evidence of the draughtsman.

The only other question presented upon this appeal is : Did the court err in receiving evidence of the oral agreement and, after its existence was found by the jury, in holding that the defendants were entitled to counter-claim under it. the amount necessarily expended for repairs ?

It is urged : (1.) That the oral agreement was insufficient to effect a surrender of this lease for three years, under the sixth section of the first title of the statute of frauds. (2 R. S., 134.) And that by the terms of the oral agreement it was not to be performed by the defendants within one year from the making thereof, and for that reason was within the first subdivision of the second section of the second title of the statute of frauds, and void ; also, that the lease under seal could not be modified before condition broken by an executory oral contract. None of these questions seem to be an obstacle to the defendant's right to be allowed for these repairs.

" If one pays money or renders service, or delivers property upon an agreement condemned by the statute of frauds, he may recover the money paid in an action for the money had and received ; and he may recover the value of his services and of his property upon an implied assumpsit to pay, provided he can show that he has been ready and willing to perform the agreement, and the other party has repudiated or refused to perform it." (*Day* v. *N. Y. C. R. R. Co.*, 51 N. Y., 583, 590 ; Reed Stat. Frauds, § 627.) In this case the defendants made the repairs claimed for before the plaintiffs rescinded or repudiated the oral agreement which the jury found was made. It is true that Losie testified that when he was called upon to make repairs he examined the written lease and notified the defendants that the plaintiffs were not required to make repairs. On the contrary, Bantley testified that he told Losie the roof leaked and needed repairing, and Losie said he would do it ; and that he did not say to Losie or Buchanan that the plaintiffs' obligation to make repairs arose from the written lease.

The defendants in this action, having performed their part of this oral agreement, had a right to rely upon the plaintiffs carrying it

out, unless the plaintiffs unequivocally rescinded it and gave notice of the rescission, which was not done, prior to making the repairs. Upon this ground, if upon no other, the judgment should be sustained.

The judgment and order are affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.