(35 Misc. Rep. 80.)

## MEDICAL COLLEGE LABORATORY OF CITY OF NEW YORK v. NEW YORK UNIVERSITY.

(Supreme Court, Special Term, New York County.   May, 1901.)

DEED—RECONVEYANCE.

> Where a medical college conveyed certain property to defendant under a promise on the part of defendant that its medical committee should always remain constituted of people acceptable to the governing faculty of the plaintiff, and that vacancies therein should be filled by people acceptable to plaintiff, and such promise was not performed, an action to compel the reconveyance of the property will lie, even though the promise was void. ·

Action by the Medical College Laboratory of the City of New York against the New York University to compel a reconveyance of certain property.   Judgment for plaintiff.

Elihu Root and Bronson Winthrop, for plaintiff.

Geo. A. Strong, for defendant.

TRUAX, J.   The evidence shows that the sole consideration for the conveyance of the property mentioned in the complaint by the plaintiff to the defendant was the promise on the part of the defendant that the medical committee of the defendant should always remain constituted of people who were acceptable and satisfactory to the governing faculty of the plaintiff; that, as vacancies occurred in said committee, they should be filled by the appointment of persons who were agreeable and acceptable to the plaintiff; and that that committee so constituted would have and should have the entire management and control of the property mentioned in the complaint.   The evidence also shows that the agreement which furnished the consideration for the transfer as above stated has not been kept.   It is claimed, however, on the part of the defendant that the alleged promise, if ever made, involved a plain breach of trust, and was not binding upon the defendant.   Whether such promise was unauthorized by the defendant, or whether the making of it was a breach of trust, is immaterial.   In either event, defendant should not be allowed to keep the property it received through the making of the promise.   It is well settled that a party to a void contract cannot repudiate it, and still retain what he has received under it.   Day v. Railroad Co., 51 N. Y. 583; Reed v. McConnell, 133 N. Y. 425, 435, 31 N. E. 22;  Central Transp. Co. v. Pullman's Palace-Car Co., 139 U. S. 24-60, 11 Sup. Ct. 478, 35 L. Ed. 55.   That equity can compel restitution where one of the parties to a void contract avails himself of its invalidity, but unconscientiously appropriates what he has acquired under it, is fully sustained by the following authorities:  Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696;  Peck v. Hoyt, 39 Conn. 9;  Penfield v. Penfield, 41 Conn. 474;  Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Dix v. Marcy, 116 Mass. 416;  Davies v. Otty, 35 Beav. 208.

Judgment is ordered for the plaintiff, with costs, directing the defendant to reconvey the property, both real and personal, mentioned and described in the conveyance of February 8, 1897, to the

plaintiff, and directing the defendant to deliver to the plaintiff the possession of such property, and that pending such conveyance the defendant be enjoined and restrained from disposing of or in any way interfering with said property or any part thereof. Let judgment be settled on notice.

Judgment accordingly.