### HUBBARD v. HUBBARD.

(Supreme Court, Appellate Division, Fourth Department.    May 8, 1912.)

1. FRAUDS, STATUTE OF (§ 45*)—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR.

The buyer of corporate stock under a parol agreement that the seller should pay her a certain annual per cent. on the same could not recover on the parol agreement, it being within Personal Property Law (Consol. Laws 1909, c. 41) § 31, which requires that an agreement not to be performed within one year shall be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 67–71; Dec. Dig. § 45.*]

2. FRAUDS, STATUTE OF (§ 129*)—PERFORMANCE.

Performance by the buyer in such case does not take the contract out of the statute.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. FRAUDS, STATUTE OF (§ 138*)—IMPLIED CONTRACT—REMEDY.
Where the buyer of corporate stock upon a void parol agreement that the seller should pay her 12 per cent. annually upon its par value paid for the same in property and received it, but failed to receive the annual 12 per cent., she could recover upon the seller's implied promise to pay what the property transferred to her was reasonably worth, making allowance for what she had received.
[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 327–333; Dec. Dig. § 138.*]

4. CONTRACTS (§ 346*)—PLEADINGS—EXPRESS OR IMPLIED CONTRACTS.
Where an action is founded upon a void express contract, recovery cannot be had on the theory of an implied contract.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

5. EXCHANGE OF PROPERTY (§ 13*)—CONTRACT—PLEADINGS—SUFFICIENCY.
Where the complaint alleged that plaintiff had exchanged certain property for corporate stock upon an agreement that the defendant should pay her 12 per cent. annually upon its par value, and sought to recover this annual 12 per cent., but failed to allege the value of the property exchanged for the stock or the value of the stock except its par value, or how long the annual payments were to continue, it was fatally defective and demurrable.
[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 25–29; Dec. Dig. § 13.*]

McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

Action by Bertha Hubbard against Elbert Hubbard. From an interlocutory judgment overruling demurrer to amended complaint, defendant appeals. Interlocutory judgment reversed, and demurrer sustained. Leave to appeal to Court of Appeals granted. 136 N. Y. Supp. 1138.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

James McCormick Mitchell, of Buffalo, for appellant.
Ford White, of Buffalo, for respondent.

KRUSE, J. [1] The complaint to which the demurrer is interposed alleges, in substance, that, pursuant to an oral contract made between the parties to the action, the plaintiff conveyed to a corporation, at defendant's request, her interest in certain property in exchange for certain shares of the stock of the corporation upon the agreement by the defendant that he would pay her 12 per centum annually upon the par value of the stock. She received the stock, but has not been paid the annual 12 per cent. The action is brought to recover the same, and the question is whether the statute of frauds applies.

I am of the opinion that if this oral contract was not to be performed within one year from the making thereof, as the complaint indicates, it falls within the condemnation of the statute which requires such an agreement, promise, or undertaking or some note or memorandum thereof to be in writing and subscribed by the party

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged therewith or his lawful agent. Personal Property Law (Consol. Laws 1909, c. 41) § 31.

[2, 3] The fact that the plaintiff performed the contract upon her part does not seem to take the case out of the statute, but in such case the plaintiff may recover upon an implied promise to pay what the property which she transferred to the defendant was reasonably worth, making allowance for what she has received. Wood v. Shultis, 4 Hun, 309; Day v. N. Y. C. R. Co., 51 N. Y. 583; Id., 22 Hun, 412; Id., 89 N. Y. 616; Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22.

[4] The action is founded upon an express contract, and seems to fall within the rule applied in the case of Reed v. McConnell, supra, where it appeared that the contract was void, and a recovery was not permitted upon the theory of an implied contract.

[5] The complaint is silent as to the value of the property conveyed by the plaintiff or the value of the stock, except the par value of the stock is given; and it is difficult to say from the complaint how long the annual payments were to continue, whether for one year, for the life of the plaintiff, or as long as she held the stock, as no time is stated.

It seems to me that the complaint is vitally defective, and that the demurrer must be sustained. If I am right, it follows that the interlocutory judgment overruling the demurrer should be reversed and the demurrer sustained, with costs, with leave to amend upon the usual terms.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal. All concur, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). The action was commenced on the 12th day of April, 1911, against the defendant, Elbert Hubbard, and "The Roycrofters," a domestic corporation, duly incorporated under the laws of this state. By stipulation the action was discontinued as against the corporation, and is now being prosecuted against the defendant Hubbard to recover a personal judgment against him for the amount alleged to be due and owing to the plaintiff because of an oral promise made by him to pay such sum to the plaintiff.

The real point of the demurrer is that the promise of the defendant to pay being oral, and such payment by the terms of such promise not to be made within one year, it is void under the statute of frauds, and that no recovery can be had in this action. In the amended complaint to which the demurrer is directed it is alleged, in substance, that the plaintiff and defendant were married in 1881 and lived together as husband and wife; that about the year 1895 defendant engaged in the publishing and book-binding business in the village of East Aurora, N. Y., where plaintiff and defendant then resided; that as a result of said business the defendant became the owner of real estate situate in said village of the approximate value of $200,000; that thereafter the defendant incorporated his publishing and book-binding business, the Roycroft shops, and all business

connected therewith into one corporation known as "The Roycrofters"; that thereupon the defendant, wishing to convey all of said property to said corporation, promised orally to and with the plaintiff that he would cause to be issued to her 400 shares of the capital stock of "The Roycrofters" of the par value of $25 per share, provided the plaintiff would execute and deliver to "The Roycrofters" a deed of all her interest, inchoate and otherwise, in said Roycroft shops and other properties, and that he also agreed as a further consideration of such conveyance that he would pay to her annually 12 per cent. on the par value of said 400 shares of stock, amounting to the annual sum of $1,200. It is alleged that, relying upon the promises and covenants of the defendant, the plaintiff did execute and deliver to "The Roycrofters" under date of August 3, 1902, a deed of her interest, inchoate and otherwise, in and to all of said properties, and that at the same time she received from the defendant a certificate of stock transferring to her 400 shares of the capital stock of the corporation of the par value of $25 per share. It is finally alleged that the defendant has failed and refused to pay to the plaintiff said 12 per cent. annually on said stock or any sum whatever. It is alleged that, by reason of the premises set forth in the complaint, there was at the time of the commencement of this action due and owing from the defendant the sum of $10,800, with interest on the several deferred payments, for which sum judgment is demanded. Of course, it is well-settled that all the allegations of the complaint and all legitimate inferences to be drawn therefrom are by the demurrer admitted to be true. So that in this case we start with the proposition that the plaintiff had an inchoate right of dower in approximately $200,000 worth of real estate owned by the defendant. What other interest, whether legal or equitable, she had in the property which she conveyed to defendant's corporation, does not appear. But it is alleged that by her deed she conveyed to The Roycrofters, the defendant's corporation, all such interests, and that she had received, so far as appears, no consideration for such conveyance except the transfer to her by the defendant of 400 shares of the capital stock of such corporation. Whether such capital stock is of any value, or whether she has received any dividends or not, is not stated, and the inference is quite permissible that the plaintiff in 1902 transferred, at the instance and request of the defendant, to The Roycrofters, his corporation, all her valuable interests in the property referred to, and the defendant or such corporation went into possession of all the property so transferred free and clear of any claim which the plaintiff had thereto, and the defendant has all these years managed, controlled, and operated it as his own, without any consideration coming to the plaintiff for the conveyance so made and executed by her, except the 400 shares of stock above mentioned.

It is urged that she is precluded from recovering the real consideration for the deed executed by her, to wit, 12 per cent. annually on the 400 shares of the stock issued to her because of the statute of frauds. The plaintiff fully performed her part of the agreement and put it in writing in the form of a deed, transferring, as she had

agreed to do, all her interests in the property mentioned in such deed. As a part of the same agreement the defendant delivered to her, in part consideration for such deed, the 400 shares of the capital stock of the corporation, but as a further consideration and, perchance, the most important, he agreed that he would pay to her annually 12 per cent. on such stock.

To state the proposition involved plainly: The plaintiff had valuable interests, inchoate and otherwise, in certain real estate and other properties owned by or standing in the name of the defendant. At his instance and request and in consideration of his oral promise that he would pay to the plaintiff $1,200 annually, being 12 per cent. on the 400 shares of stock referred to, she executed and delivered a deed to the corporation which he had organized, by which she parted with all her interests of every kind and nature in and to the property mentioned in the complaint, and it is now urged that the plaintiff is not entitled to recover the consideration or purchase price of the property so conveyed by her because the promise to pay the same was not in writing and by the terms of the oral promise was not to be paid within one year; that the statute of frauds prevents the plaintiff from enforcing defendant's promise, although such promise induced her to convey as he directed all her valuable interests in the real estate and to the other properties in question. If such is the effect of the statute, it is apparent that a very great injustice may result. A person executes and delivers unconditionally a deed of real property and surrenders to the purchaser the absolute possession thereof upon an oral agreement on his part that he will pay the purchase price agreed upon at the end of 18 months from the time of the execution and delivery of the deed by the grantor, under which he goes into and continues in possession of the same, and reaps all the benefits resulting therefrom. If when such purchase price is demanded such purchaser may say, "Because of the statute of frauds I will not pay the consideration for the deed which was agreed upon, or in fact any consideration," the statute may, indeed, be used not only as a shield but also as a sword.

An examination of the authorities leads me to conclude that the statute of frauds has no application to the case at bar. A few of such authorities will be referred to.

In Greenley v. Greenley, 114 App. Div. 640, 100 N. Y. Supp. 114, decided by this court, it appeared that Mary E. Greenley was the owner of two farms which were incumbered, upon which was due the sum of $10,000. The farms were worth about $16,000. Mary E. Greenley was unable to meet the interest due on said mortgage. She was also owing other debts for which she had given her promissory notes, and her only property consisted of said farms. She and the defendant Shelmidine entered into an oral agreement by which she agreed to convey the farms to him for the expressed consideration of $10,000, but upon condition that he would manage the farms, would dispose of them, and, after reimbursing himself for the moneys paid out by him and for his services, would with the balance received upon the sale of such farms pay the debts owing by Mary E. Greenley,

and that he would pay the balance then remaining to her. Pursuant to such oral agreement, Mary E. Greenley conveyed said farms to Shelmidine, and by virtue of such conveyance he entered into possession and control of the farms and carried them on as his own, sold one of them for $6,500, and refused to make any accounting to his grantor, disavowing the oral agreement, because, as claimed, it was void under the statute of frauds. Justice Spring, writing for the court in that case, said:

"The defense of the statute of frauds is not available to the defendant Shelmidine. He undertook to pay these notes as part of the consideration moving to him. He went into possession of the farms, has managed them, receiving the benefits therefrom and earning compensation for his services upon his explicit promise to pay these obligations in certain contingencies out of the moneys coming to him from the deal and transfer, and that promise is an inseparable part of the agreement. He cannot adopt the agreement so far as beneficial to him, and repudiate the burdens imposed by it."

Remington et al. v. Palmer, 62 N. Y. 31, 34, was an action brought to recover the amount of an assessment for street improvements upon premises deeded by the defendant to plaintiff. The alleged agreement to pay such assessment was oral. The court, in discussing the question as to whether or not the statute of frauds was applicable, said:

"It is urged that this agreement by Harris was void within the statute of frauds, because it related to lands and was not in writing. The agreement was executed and carried into effect by the payment of the money, and hence the defendant became liable to pay the assessment. He had reaped the benefit of the contract, and he cannot thus claim that he is not bound to pay what he agreed to pay because the agreement was not in writing. The statute of frauds has no application to an executed agreement, and is no defense in an action brought to recover the money which the party is bound by the contract to pay. Nor can it be said, I think, that the agreement was partially in writing and partially by parol, and therefore it is inoperative. This is no doubt the true rule in cases where there is a contract which, by the statute of frauds, is required to be in writing. Wright v. Weeks, 25 N. Y. 153. But where there is no written contract, and, as in this case, where a deed was delivered and the money paid under an agreement to pay an assessment when due, neither the rule referred to nor the statute of frauds has any application."

Tuthill v. Roberts, 22 Hun, 304, was an action to recover the amount which it was alleged the defendant orally agreed to pay as the actual consideration for a conveyance by the plaintiff of her interest in certain real estate. The consideration expressed in the deed was one dollar. It was held, in an action at law, that the plaintiff was entitled to recover the true consideration expressed by the oral agreement for the premises which the plaintiff had by deed conveyed to the defendant in reliance upon such oral promise. The court said:

"Was this agreement within the statute of frauds? We think not. The plaintiff sought by his action simply to recover of the defendant the agreed price for real estate sold and transferred to him. The plaintiff had fully performed the agreement upon his part by executing and delivering to the defendant a deed of his interest in the premises, and the defendant had had the full benefit of such title. This contract between the parties was fully executed, except that the defendant had not paid the plaintiff the price agreed upon between them, as he had promised to do. This promise was not within the statute of frauds, and was not required to be in writing."

135 N.Y.S.—58

In Thomas v. Dickinson, 12 N. Y. 364, it was held:

"A promise to pay for lands sold and conveyed is not within the statute of frauds, and is not required to be in writing."

Under the authorities referred to, and many more which might be cited, it seems to me clear that the defendant is not in a position to suggest or urge that the contract is void because not in writing; he or his corporation having received the plaintiff's deed and having gone into possession and absolute control of such property by virtue of such deed.

It also seems to me clear that, when the entire agreement is considered, the plaintiff shall convey, which she did, that the defendant shall transfer to her certain stock, which he did, all of which was in writing, it cannot be said that the further agreement of the defendant to pay the additional compensation as consideration for the transfer made by the plaintiff is void under the statute of frauds because such payment is not to be made within one year. An illustration occurs to me: A. by oral agreement sells his farm to B. for the stipulated consideration of $2,000, $1,000 to be paid upon the execution and delivery of the deed to B., and the balance of such consideration at a future time, 18 months after the execution and delivery of the deed of conveyance. Such deed is executed and delivered by A., and B. goes into possession of the property conveyed, pays the $1,000 stipulated to be paid upon the execution of such deed, but when A. demands payment of the other $1,000, one-half of the consideration agreed upon and which is admitted to be due and payable, it is suggested, upon demand being made upon B. that he perform such oral agreement, that he may say. "I will pay you nothing because my agreement to pay after a year from the time of our agreement is void under the statute of frauds." We think such is not the law, and is not supported by any authority in this state applicable to the facts involved in this case. It is idle, as it seems to me, to talk about what a court of equity might do in case the stipulated consideration or the value of the property was not paid. The grantor is entitled to the value of his contract, and, the grantee, having accepted all the benefits thereof, cannot repudiate the same under the statute of frauds. It will be borne in mind that the plaintiff transferred all of her interest, presumably valuable, as requested by the defendant; that he is enjoying the fruits of such transfer; that as part of the consideration therefor he transferred or caused to be transferred to her 400 shares of the stock of his corporation; that, in addition to the transfer of such stock to the plaintiff, he agreed with her that he would pay .12 per cent. upon the stock annually, which obligation he has neglected and refused to perform. It seems to me that the agreement to transfer the interests of the plaintiff to the defendant, the agreement to transfer the stock of the corporation to the plaintiff, and the agreement of the defendant to pay 12 per cent. on the par value of such stock were a part of one inseparable agreement, and that he, having accepted the benefits of such agreement, is not at liberty to deny the obligation imposed thereby.

· While the complaint contains no specific allegation as to the time the contract was to continue, it seems to me that it must be assumed that it was to continue during the life of the plaintiff, and would terminate at her death, which might have occurred within one year from the making of the contract. Appellant urges that in no event could anything have been due under the contract within a year from its inception. It would seem to me clear that the first and final payment under such contract might have been due within one year if plaintiff had died within the year, and that, therefore, the contract is one which might have been fully performed within one year. It is well settled that a contract which may be performed within a year is not within the statute of frauds. Trustees v. Fire Ins. Co., 19 N. Y. 305; Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502; Dresser v. Dresser, 35 Barb. 573. As was said in Kent v. Kent, supra:

"If the agreement may consistently with its terms be entirely performed within the year, although it may not be probable or expected that it will be performed within that time, it is not within the condemnation of the statute."

My conclusion is that the judgment overruling the demurrer should be affirmed, with costs, but with leave to the defendant to plead over upon payment of the costs in the court below and of this appeal.