**(March 15, 1939.)**

ROBERT G. RUNDLE, Appellant, *v.* CATHERINE HAYWARD, as Administratrix, etc., of KATIE STEGE, Deceased, Respondent.

The plaintiff brought this action upon an alleged oral contract whereby he alleged that the decedent, Katie Stege, promised and agreed to pay to said plaintiff the sum of $25,000 upon her death, provided, the plaintiff would continue to work for her on her farm until she died.

The date of making the alleged contract is not set forth in the complaint, but the bill of particulars sets forth the date of making the agreement as 1924 and says it was reiterated several times thereafter and as late as 1935.

The plaintiff's son-in-law testified, " I heard Mr. Rundle [plaintiff] ask her [deceased] in regards to a recommendation, and she asked him what he wanted of a recommendation. He said she was getting kind of old and he might want another job if she was gone, and the recommendation would help him fine." " She said, ' You need no recommendation; you are staying right with me, and if you do stay with me and remain with me until I am gone, I will see that you get twenty-five thousand dollars in my will.' "

In addition to this the plaintiff offered proof in support of the alleged contract, or alleged admissions by the decedent. The plaintiff commenced to work on the farm of decedent in 1909 and continued to so work until her death in 1936. He was regularly paid for all the work, at an agreed wage, which he performed for decedent. He was an ordinary farm laborer and handy man and it is claimed that he acted as foreman on this twenty-cow farm. His services and abilities were not remarkable in any way. The decedent died intestate.

With the exception of one witness all those who testified for the plaintiff in support of the alleged contract were relations of his, either by blood or marriage.

The evidence offered by the plaintiff was not sufficient to support a claim of the character upon which this action is based or to raise a fair issue as to the existence of a binding obligation. (*Shakespeare* v. *Markham*, 72 N. Y. 400; *Roberge* v. *Bonner*, 185 id. 265; *Taylor* v. *Higgs*, 202 id. 65; *Wallace* v. *Wallace*, 216 id. 28; *Frankenberger* v. *Schneller*, 258 id. 270.)

Section 31, subdivisions 1 and 7, of the Personal Property Law apply to the facts in this case.

Order and judgment affirmed, with costs.

Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., concurs, with a memorandum.

Rhodes, J. (concurring). I concur for affirmance, but on somewhat different grounds than those stated by the court below.

I think the case differs from *Frankenberger* v. *Schneller* (258 N. Y. 270). In that case there was no direct proof of the offer; here there is direct proof. I think the contract was in line with the case of *Hamer* v. *Sidway* (124 N. Y. 538) where the uncle agreed with his nephew that if he would refrain from certain wordly practices until he became twenty-one years of age he would pay him $5,000. This was held enforcible. (See, also, *L'Amoreaux* v. *Gould*, 7 N. Y. 349; *Miller* v. *McKenzie*, 95 id. 575.)

I do not think the offer comes under the provisions of subdivision 1 of section 31 of the Personal Property Law, which requires to be in writing an agreement not to be performed within one year. This agreement might have been performed within a year, because the decedent might have died within that time. (*Kent* v. *Kent*, 62 N. Y. 560.)

I think, however, that subdivision 7 of section 31 is applicable. That subdivision requires to be in writing an agreement to bequeath property or make a testamentary provision.

Although the plaintiff performed his part of the agreement, this does not take the case out of the Statute of Frauds, but in such case he might have recovered upon an implied promise to pay under the rule of *quantum meruit*. (See *Hubbard* v. *Hubbard*, 151 App. Div. 174.) The complaint, however, is not framed on such theory. Here the plaintiff by his complaint seeks to recover on the contract itself.

For the reasons stated, I think the judgment should be affirmed.