ROCHESTER FOLDING-BOX CO. v. BROWN et al.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. EVIDENCE—PAROL EVIDENCE TO COMPLETE A WRITTEN CONTRACT.
　　Defendants, who were inventors and manufacturers of paper boxes, entered into an agreement with plaintiff corporation whereby they transferred their interest in a factory owned by them, tools, good will, and patents connected with it, and bound themselves to enter into the employ of the plaintiff, and that any invention made by them while in such employ

should be the property of plaintiff. The only writing evidencing such contract was a resolution on the books of plaintiff reciting the offer by defendants to transfer the box business for a stated amount, payable in the stock of the plaintiff, accepting such proposition, and authorizing the issuance of the stock to defendants in payment. There was also an assignment of the business, tools, and patents from defendants to plaintiff for an express consideration of capital stock, and a certificate of the stock. *Held*, on the trial of an action for the ownership of certain inventions made by defendants after the assignment, that parol evidence of the agreement was admissible, it tending to establish an agreement not embraced therein, not to vary or contradict the terms of the writings.

**2. SAME—CONSIDERATION OF A CONTRACT.**

Where, in consideration of the transfer of a certain amount of capital stock, defendants entered the employ of plaintiff and transferred a business to it, parol evidence that part of the agreement was that defendants · should give plaintiff their services, skill, and inventive faculties is admissible to show the true consideration of the contract.

**3. STATUTE OF FRAUDS—CONTRACT TO PERFORM WITHIN A YEAR.** ·

A parol agreement for the transfer of a business to plaintiffs, in which defendants promised to enter the employ of plaintiff, and to devote their time, skill, and inventive faculties to plaintiff's service, is not within the statute of frauds, because not to be performed within one year, since by its terms it did not extend beyond one year, or for any definite time.

**4. EVIDENCE—ENTRY ON BOOKS OF CORPORATION.**

In an action involving a contract with a corporation, an entry on the books of the company tending to explain such contract is properly admitted in evidence, where it appears that it was made on information furnished the secretary of the corporation by defendants, and shown to them after it was made.

Appeal from special term, Monroe county.

Action by the Rochester Folding-Box Company against George W. Brown and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. D. Kiehel and Oudin & Oakley, for appellants.
Elbridge L. Adams, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to establish plaintiff's right to certain inventions by the defendant Cowles, and to procure the assignment to plaintiff of such inventions and letters patent therefor, and all interest therein, and for an accounting for all profits realized by defendants therefrom. The plaintiff bases its right to relief upon parol evidence of an agreement between the plaintiff and the defendants Cowles, Brown, and Levis. The evidence given on the trial was abundantly sufficient to support plaintiff's contention, and the finding of the court that such agreement was made. The defendants and appellants insist that this parol evidence was improperly admitted, because the agreement between the parties was in writing, and this evidence tended to contradict and vary the terms of such written agreement. It is well settled that parol evidence cannot be given to contradict or vary the terms of a written agreement, but that such evidence is admissible when it appears that the whole agreement of the parties is not in writing, but the real agree-

ment is by parol, and the writing is made as merely a part performance of such agreement. Chapin v. Dobson, 78 N. Y. 74; Juilliard v. Chaffee, 92 N. Y. 529–535. The trial court found in this case upon adequate evidence, that the real agreement here was by parol and was not wholly embodied in the written papers. The facts found by the court were, viz.:

"The plaintiff was a domestic corporation; its certificate authorizing a capital stock of $200,000, in shares of $100 each. The defendants Brown, Cowles, and Levis were the promoters and organizers of this corporation, and for their services as such, and for other well-defined considerations and agreements on their part, they were to receive a specific share, first fixed at $100,000, but subsequently at $60,000, of the paid-up stock of the corporation. The consideration and agreements on their part were as follows: They were to sell and transfer to the corporation a box business recently purchased by them from the Rochester Printing Company, with all the tools, machinery, and appliances belonging to it, together with the good will of such business; also, letters patent of the United States, dated the 26th day of March, 1895, issued to Cowles and Levis, for a new and useful improvement in paper-box machines. It was, moreover, upon the same consideration, agreed by said promoters that the defendant Brown should enter the employment of the corporation as general manager and sales agent, at a specified salary per year, and devote to the business of the corporation his entire talents and experience, and at once turn over to the corporation all the business in the line of folding boxes and lithographing which he controlled. It was also agreed upon the same consideration by the said Cowles and his fellow promoters, with the corporation, that Cowles should enter the employment of the corporation as foreman of its box factory at a specified salary per week; that he should give his time, his skill, and his inventive faculties to the service of the corporation, and that the fruits of his inventions, while in its employment, should be the property of the corporation; and that all the letters patent obtained by him therefor should be duly and effectually assigned to it for its own use and benefit."

The writings claimed by the defendants to have embodied the whole contract between the parties were a resolution subsequently passed by a meeting of the plaintiff's board of directors, and an assignment by Cowles, Brown, and Levis to the plaintiff, and the certificate of stock issued to them. The resolution recited an offer by Cowles, Brown, and Levis to transfer to plaintiff the box business of the Rochester Printing Company, with tools, machinery, and appliances connected therewith, and the patent for box making, for $100,000, payable in the stock of the company, and accepted such proposition, and authorized the issue of the stock to the three persons in payment for said business, tools, machinery, appliances, and patent, whenever they should be transferred to the plaintiff. Then the assignment, for the expressed consideration of the $100,000 of capital stock, transferred to the plaintiff the box business, tools, machinery, appliances, and patents, and the certificate of stock was duly issued. Both these parties entered the plaintiff's employ, and had charge substantially of the whole business while they were with the company. Cowles, while so employed at a good compensation ($35 per week, or about $1,800 per year), was engaged a considerable portion of his time in experimenting in the line of new inventions and improvements, and, aided by Brown, and in some cases at the expense of the plaintiff, in the fees of lawyers and otherwise, made application for and secured letters patent for the several new inventions which are the subject-matter of this action. There was

within the writings no provision as to the employment of Brown and Cowles, nor what they should do, nor what they should be paid for their services. Evidently it was a great inducement to the formation of the corporation and the entering into the business that the corporation was to have the services and experience of Brown and Cowles in conducting the same, and especially that it was to have the benefit of the skill and inventive faculties of Cowles. We can hardly conceive that the enterprise would have been undertaken by the other parties interested if an agreement for their services had not been made. The theory suggested by the decision of the trial court was that the whole agreement—the real contract—was by parol, and that the writings were merely steps taken in the carrying out in part such parol agreement. This seems to have been the only rational conclusion to be drawn from the evidence. If the question was one of fact, to be determined from the whole evidence, then the court was clearly correct in its conclusion. There was nothing in the writings themselves to make the question one of law, to the exclusion of the other evidence in the case. The parol evidence was in no way inconsistent with or contradictory of the writings. The writings, so far as they went, were in a line with and consistent with the parol contract. They were not complete in and of themselves,—did not express the whole agreement of the parties. They were like notes or receipts given pursuant to or in carrying out a parol contract, providing for the giving thereof. We see no reason for disturbing the finding of the court as to the contract. So far as the parol evidence showed the consideration for the $100,000 stock transferred to those men to have been in part the agreement that Cowles and Brown should enter the employ of the corporation, and give their services, experience, skill, and inventive faculties, it was competent. It is always permissible to show the true consideration by parol. Wheeler v. Billings, 38 N. Y. 263. In that case the consideration expressed in the assignment of a patent was $2,-500, and it was held that the defendant was at liberty to show that he was not to pay $2,500 solely for the patent, but was to have in addition thereto, for that sum, the right to use the improvements already invented by the plaintiff, and the right to further suggestions of the plaintiff in perfecting the machine.

The parol contract was not void, under the statute of frauds, because not to be performed within one year. It was not, by its terms, to extend beyond one year, nor for any definite time.

The entry made by the secretary in the books of the company was properly admitted in evidence. It appears that it was made upon information furnished the secretary by Brown and Levis, and was shown to them after it was made.

After a full examination of the record and the briefs of counsel, we arrive at the conclusion that the case was correctly disposed of by the trial court, and that the judgment should be affirmed, with costs. All concur.