VICTOR COHEN; Respondent, *v.* THE BARTGIS BROTHERS COMPANY, Appellant.

First Department, June 5, 1942.

*Jesse Freidin* of counsel [*Kugel, Freidin & Deitz*, attorneys], for the appellant.

*William Macy*, for the respondent.

UNTERMYER, J.   The defendant appeals from an order of the Special Term which strikes out as insufficient in law so much of the amended answer as asserts the Statute of Frauds as an affirmative defense.

The action is to recover commissions under an oral agreement.

The plaintiff alleges that he was first employed by the defendant in April, 1933, as a salesman upon commission and that, while thus employed, he entered into a supplemental oral contract whereby the defendant agreed to pay commissions " upon all orders placed by Resolute Paper Products Corp., at any time, whether or not plaintiff was in defendant's employ at the time of the placing of such orders."

The plaintiff's employment was terminated by the defendant on December 31, 1940.  It is not contended by the plaintiff that this termination of employment involved any breach of contract. The breach is said to consist in the defendant's failure to pay commissions on sales made to Resolute Paper Products Corp. by the defendant both before and after the termination of the employment.

The question presented for decision is whether such a contract " by its terms is not to be performed within one year from the making thereof." (Pers. Prop. Law, § 31, subd. 1.) The answer to that question has resulted in a conflict of opinion and decision. The courts of the State of Washington have held such an oral contract to be unenforcible. (*Fish Clearing House* v. *Melchor, Armstrong, Dessau Co.*, 174 Wash. 539; 25 P. [2d] 381.) The courts of Massachusetts have held directly to the contrary. (*Hewins* v. *Marlboro Cotton Mills*, 242 Mass. 282; 136 N. E. 159.) The question does not appear to have been directly considered by the appellate courts of this State.

We are mindful of the rule that contracts which admit of performance within a year, though unlikely to be thus performed, are not within the statute. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *Kent* v. *Kent*, 62 id. 560; *Warren C. & M. Co.* v. *Holbrook*, 118 id. 586.) But the contract here is of a different character, for not only is it of indefinite duration but, by its terms, an obligation is imposed on the defendant which continues so long as the defendant and Resolute Paper Products Corp. exist. It is true that if Resolute Paper Products Corp. should place no orders with the defendant within the year, no commissions would be earned, but the defendant's contract would not thereby have been " performed," for it would then apply to any orders that might be accepted in succeeding years. (2 Williston on Contracts [Rev. ed.], § 500.) Unlike contracts which require the performance of a single act which may or may not be executed within a year, the contract here requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Resolute Paper Products Corp. and, therefore, is impossible of performance within a year.

It is suggested that Resolute Paper Products Corp. or the defendant might retire from business or dissolve within a year, in which event the contract would be impossible of further performance and thus would terminate. But " termination is not performance, but rather the destruction of the contract  *  *  *  where there is no provision authorizing either of the parties to terminate as a matter of right." (*Blake* v. *Voigt*, 134 N. Y. 69.) It could be argued with equal force that a contract for personal services for a period exceeding one year is not within the statute because the employee might die within the year. Such, however, is not the rule prevailing in this State. (*Wahl* v. *Barnum*, 116 N. Y. 87; *Kelley* v. *Champlain Studios, Inc.*, 223 App. Div. 388; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 id. 681.) We must distinguish between " performance " which fulfils the contract and

circumstances which defeat its purpose.     (2 Williston on Contracts [Rev. ed.], § 499.)

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to strike out the second defense in the amended answer denied.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion to strike out the second defense in the amended answer denied.