DENNIS R. SCANLAN, Respondent, v. SONJA HENIE, Appellant.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ. Martin, P. J., and Glennon, J., dissent and vote to reverse and dismiss the complaint; dissenting opinion by Glennon, J.

GLENNON, J. (dissenting). We dissent from the affirmance of the judgment and vote to reverse and dismiss the complaint upon the following grounds:

(1) The alleged agreement was not in writing, and by its terms was not to be performed within one year from the making thereof. The Statute of Frauds was pleaded properly as a defense to the action. Upon cross-examination, plaintiff was asked the following question: " So if she continued making moving pictures for 25 years, you would continue to get 20 per cent of all her earnings in pictures? " He answered, " I would say so." Again he was asked: " So then if Miss Henie made a picture say in 1936 and then another one in 1937, you would get commissions on both those two, according to your understanding, is that right? " To this question he replied, " That's right. But I would be her manager, I would be working." The record then indicates the following: " Q. And if she didn't make a picture in 1938, but then made one in 1939, you would get a commission on the one in 1939? A. That would be my understanding."

(2) The justice presiding at the trial inadvertently fell into error in stating in the presence of the jury, in reply to a question by plaintiff's counsel during the course of plaintiff's redirect examination: " You have established a breach." Whether or not a breach of contract had been established was a question of fact for the jury.

(3) The admission into evidence of plaintiff's Exhibit 40, which was a self-serving declaration sent to Orsatti & Company, Inc., was reversible error.

(4) The verdict is contrary to the weight of the credible evidence. Plaintiff was a business man of broad experience and naturally was familiar with contracts. Although he claimed that he met the defendant and her mother in London, England, during the latter part of June, 1935, and had dined with them upon at least one occasion, still when he visited their home in Norway during the following month, he was armed with a letter of introduction to defendant's father from Mr. Ulrich Salchow, president of International Amateur Skating Association. The reason assigned by plaintiff for obtaining the letter of introduction was that

he thought it was " good strategy." Yet he stated that the so-called contract was made in a room of a hotel in Paris in February, 1936. If a contract had in fact been made, it would follow that the plaintiff, because of his experience in the business world, would have reduced it to writing. Furthermore, the letter written on July 22, 1936 (defendant's Exhibit A), to the defendant's father, indicates quite clearly that the plaintiff did not tell the truth with reference to the so-called contract.

Martin, P. J., concurs.