## DROSTE v. HARRY ATLAS SONS, Inc., et al.

### No. 56.

Circuit Court of Appeals, Second Circuit.

Nov. 29, 1944.

Rehearing Denied Feb. 14, 1945.

Rosston, Hort & Brussel, of New York City (Gerson C. Young, George Brussel, Jr., and Mortimer Goodman, all of New York City, of counsel), for appellants.

Bijur & Herts, of New York City, for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action for breach of contract brought in the federal court on the ground of diverse citizenship of the parties. The complaint alleges an oral agreement under which Droste was to render services in aiding Harry Atlas Sons, Inc., to obtain a contract with Federal Surplus Commodities Corporation, an agency of the Department of Agriculture of the United States (for brevity hereafter referred to as FSCC) for the packaging of dehydrated egg powder in small cartons, and was to receive for his services a commission of 5% on all money received by Harry Atlas Sons, Inc., under any such government contract or contracts. It was further alleged that Harry Atlas Sons, Inc., obtained such a contract and transferred it to the other defendant, Atlas Packaging Corporation, and that the defendants collected thereunder large sums of money.[1] The defendants denied the making of the alleged agreement with the plaintiff and pleaded affirmatively the New York statute of frauds in bar of his claim. They admitted obtaining a contract from FSCC and receiving some $200,000 thereunder. The case was tried to a jury which rendered a verdict for the plaintiff of $11,091.03 plus interest. From the resulting judgment the defendants have appealed, asserting the following errors: (1) The oral contract is repugnant to the statute of frauds; (2) the verdict is contrary to the evidence; (3) evidence was improperly excluded; (4) the trial was unfairly conducted; and (5) the verdict is excessive by at least $2,231.25.

The New York statute of frauds makes void every oral agreement which "by its terms is not to be performed within one year from the making thereof * * *". Personal Property Law, Consol.Laws, c. 41, § 31, subd. 1. The agreement to pay Droste a commission was made on March 31, 1942, in connection with obtaining his aid in submitting the defendant's bid to the government for a FSCC contract. The contract resulting from this bid required performance, and the money collected thereunder was received, within less than a year from that date. Hence if the commission agreement had related only to this one contract it would clearly fall outside the statute of frauds. But the complaint alleged that the defendants promised to pay a 5% commission on "all payments received * * * in connection with whatever contract or contracts" the defendants might obtain from "any agency or agencies of the United States Government", and Droste's testimony was to the effect that the 5% commission was to be paid "on subsequent business" as well as "this contract". Obviously collections under subsequently made contracts might be received more than a year after March 31, 1942, and therefore, the defendants argue, the oral agreement

---

[1] During the trial it was conceded that both defendants were liable if the plaintiff was entitled to any recovery. Our opinion need not and will not differentiate between the defendants.

bound them to pay commissions for an indefinite time. But the possibility that subsequent contracts might be made would not, in our opinion, were we free to form one independently, justify holding that "by its terms" the commission agreement was not to be performed within a year. There might or might not be subsequent contracts with FSCC or other governmental agency; the defendants were free to make such contracts but were not bound to do so; hence the commission agreement was capable of performance within the year. It has long been firmly established by New York cases that if an oral agreement may consistently with its terms be entirely performed within the year, even though it be neither probable nor expected that it will be performed within that time, it is outside the condemnation of the statute. Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N.Y. 305, 307; Kent v. Kent, 62 N.Y. 560, 564, 20 Am.Rep. 502; Warren Chemical & Mfg. Co. v. Holbrook, 118 N.Y. 586, 593, 23 N.E. 908, 910, 16 Am.St.Rep. 788; Blake v. Voigt, 134 N.Y. 69, 73, 31 N.E. 256, 257, 30 Am.St.Rep. 622, Rochester Folding Box Co. v. Browne, 55 App.Div. 444, 66 N.Y.S. 867, affirmed, 179 N.Y. 542, 71 N.E. 1139.

We should, therefore, think it clear that the plaintiff's oral agreement is not within the statute were it not for Cohen v. Bartgis Bros. Co., 264 App.Div. 260, 35 N.Y.S.2d 206, affirmed, 289 N.Y. 846, 47 N.E.2d 443. That was an appeal from an order striking out the defense of the statute of frauds in an action to recover commissions under an oral agreement whereby the defendant agreed to pay plaintiff commissions "upon all orders placed by Resolute Paper Products Corp., at any time, whether or not plaintiff was in defendant's employ at the time of placing such orders." The sales upon which commissions were demanded were made to Resolute Paper Products Corporation more than a year after the making of the commission agreement with Cohen. Mr. Justice Untermyer, writing for the Appellate Division, differentiated several of the cases we have cited above, referred to Fish Clearing House v. Melchor, Armstrong, Dessau Co., 174 Wash. 539, 25 P.2d 381, as holding such an oral contract to be unenforceable and to Hewins v. Marlboro Cotton Mills, 242 Mass. 282, 136 N.E. 159, 23 A.L.R. 449, as being to the contrary, and said that the precise question had not been directly considered by the New York appellate courts. After discussion he reached the conclusion that the contract "requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Resolute Paper Products Corp., and, therefore, is impossible of performance within a year." [264 App. Div. 260, 35 N.Y.S.2d 208] The order striking out the defense was unanimously reversed, and there was certified to the Court of Appeals the question: "Is the second affirmative defense of the amended answer sufficient in law upon the face thereof?" They answered the question in the affirmative without an opinion.

We are unable to differentiate the oral agreement in the case at bar from the one invalidated by the statute of frauds in the Cohen case. Here as there the defendant has agreed to pay commissions on contracts which it may make during an unlimited period of time. It is true that the plaintiff is suing for commissions payable within the year, while Cohen's commissions were on sales made after the year, but this distinction is irrelevant under Justice Untermyer's opinion. Although we cannot know that the Court of Appeals adopted his reasoning we can conceive of no other reasoning which would lead to an affirmative answer to the question certified. Feeling ourselves bound by this construction of the state statute we are forced to reverse the judgment and to direct dismissal of the complaint. The opinion of Hecht, J., in Steiner v. Fenster, —— Misc. ——, 51 N.Y.S.2d 814, is not to the contrary, for there the commissions were to end on the happening of an event which might occur within the year.

This disposition of the case makes unnecessary any discussion of the appellants' other contentions, none of which, in our opinion, has merit. Judgment reversed and cause remanded for dismissal of the complaint.

CLARK, Circuit Judge (dissenting).

This case well illustrates the rigidity of decision forced upon us by a quite literal application of the doctrines of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and suggests once again that litigants to whom a choice of forum is open should think twice before turning their backs upon state tribunals that are free to determine what the law is or

should be, to come to us who are bound by particular and often unclear, isolated precedents.[1] Here, were it not for a recent case —Cohen v. Bartgis Bros. Co., supra, turning entirely upon pleading niceties—we should all "think it clear" that "it has long been firmly established by New York cases" that an agreement of the kind here proven was not within the statute of frauds. All that the Cohen case actually does is to refuse to foreclose, before trial, a defense which I think we must all admit was quite pertinent and, at least potentially and possibly, well taken in the situation there under consideration. In federal practice, indeed, the defense would have been allowed at that stage of the case with hardly an argument, and the absence of federal interlocutory appeals would have prevented the result from being frozen into a formal and doubtful precedent, as has unfortunately happened under the state practice.

In the Cohen case, the plaintiff had alleged that he was employed by defendant in April, 1933, as a salesman upon commission, with a special agreement to receive commissions upon all orders placed by one particular company, whether or not he was in defendant's employ at the time, that his employment continued until December 31, 1940, and that he was entitled to certain commissions upon orders placed both before and after this latter date. The court undoubtedly had in mind that the contract depended entirely upon the nuances of oral testimony, considered in the light of the obviously long-time nature of the arrangement as contemplated and indeed actually had. Under the circumstances it would have been harsh to have ruled, in advance of hearing the testimony, that a jury could not find the contract one which required the defendant to perform for an unlimited period of time (as Mr. Justice Untermyer viewed it in the Appellate Division) or that, in the contemplation of the parties, it was intended to last for more than a year. At any rate, all that the Court of Appeals held in its "memorandum decision," 289 N.Y. 846, 47 N.E.2d 443, was that the defense as pleaded was "sufficient in law on the face thereof," i. e., was not demurrable. The decisions of Justice Hecht in Steiner v. Fenster, supra, and of Justice Coleman in

Deucht v. Storper, City Ct., 44 N.Y.S.2d 350, distinguishing this case and holding contracts for commissions for the duration of the war, or of employment so long as workers trained by the plaintiff were retained by the employer, to be without the statute, show that learned state judges think the earlier authorities have not been repudiated; and I believe that should be our conclusion.

---

[1] Strictly speaking, the Tompkins case does not govern, for in spite of the now hoary antiquity of the statute of frauds, technically it appears here as only a local statute. I suggest, however, that until that case, we should never have construed a mere decision upholding the sufficiency of a pleading for trial as repudiating a statutory construction theretofore well settled in New York, as well as generally.