## DROSTE v. HARRY ATLAS SONS, Inc., et al.

### No. 56.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1945.

CLARK, Circuit Judge, dissenting.

For former opinion, see 145 F.2d 899.

Harry Bijur, of New York City, for petitioner.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

676

SWAN, Circuit Judge.

■ By a decision reported in 145 F.2d 899, this court reversed a judgment for the plaintiff-appellee in an action for breach of contract. Our decision went on the ground that the oral agreement sued upon was invalidated by the New York statute of frauds as construed in Cohen v. Bartgis Bros. Co., 264 App.Div. 260, 35 N.Y.S.2d 206, affirmed 289 N.Y. 846, 47 N.E.2d 443. The petition for rehearing asserts that the record of the Case on Appeal, as well as later decisions, show that we have misunderstood the Cohen case. If this be true, we shall not hesitate to change our decision, which was reached reluctantly and because we are constrained to follow the state law in applying a state statute.

The petitioner argues that we were in error in not differentiating the oral agreement invalidated in the Cohen case from Droste's oral agreement in the case at bar. In support of that argument she cites two later cases sustaining as against the defense of the statute of frauds oral agreements which she asserts are in all material respects similar to Droste's. Justice Untermyer, who wrote the opinion in the Cohen case, concurred in these later decisions. Hence it may be inferred that he thought them distinguishable from the Cohen case. The first one, Scanlan v. Henie, 64 App. Div. 913, 35 N.Y.S.2d 844, was decided one month after the Cohen decision and by the same Bench. It is a memorandum decision affirming without opinion a judgment for the plaintiff after a jury trial. Two members of the court dissented on several grounds, one of which was that the alleged oral agreement "by its terms was not to be performed within the year" and the statute of frauds had been properly pleaded as a defense to the action. From testimony quoted in Justice Glennon's dissenting opinion it appears that the oral agreement asserted by Scanlan was to the effect that he would pay the expenses of bringing Miss Henie and her parents to the United States and would use his best efforts to put her in touch with motion picture producers and, if she obtained employment with them, she was to pay him a commission on all her earnings as a moving picture actress whenever earned. We agree with the petitioner that in respect to the application of the statute of frauds Scanlan's agreement is not distinguishable from Droste's. Upon what ground the majority of the Appellate Division, First Department, thought it distin-

guishable from Cohen's we cannot tell; the majority rendered no opinion and the dissenting opinion made no reference to the Cohen case. Since that decision was affirmed by the Court of Appeals in January 1943, six months after the Scanlan decision, the latter can throw little light on the meaning to be ascribed to affirmance of the Cohen decision by the Court of Appeals.

Six months after that affirmance the Appellate Division, First Department, with Justice Untermyer participating, decided Jacobson v. Jacobson, 268 App.Div. 770, 49 N.Y.S.2d 166, 167. This was an appeal from an order, and a judgment pursuant thereto, granting a motion by defendant for summary judgment. The opinion reads as follows:

"Per Curiam. There is here a controversy as to the existence, the content and effect of an oral agreement. Whether the contract, if made, is void and unenforcible under the statute of frauds, Personal Property Law, § 31, subd. 1, can be best determined upon a trial of the issues.

"The order and the judgment should be reversed with costs and the motion for summary judgment denied."

The petitioner has set out extracts from the Jacobson Case on Appeal, including the opinion rendered by Justice Miller in granting the defendant's motion for summary judgment. From this opinion it appears that the alleged oral agreement obligated the defendant to make payments to the plaintiff as long as the defendant received any income from a certain corporation. Justice Miller, citing the Cohen case, held that such a promise by its terms was not to be performed within one year from its making. The defendant attempted to differentiate the Cohen case by arguing that Jacobson could refuse before the expiration of the year to receive any further income from the corporation. But Justice Miller rejected the argument on the ground that it might equally well have been argued that the defendant in the Cohen case could have refused to accept orders placed by the Resolute Paper Products Corporation at any time after a year from the making of the alleged agreement to pay Cohen commissions on sales to Resolute. Although the order for summary judgment was reversed by the Appellate Division, its Per Curiam opinion contains no intimation that Justice Miller's rejection of the attempted distinction between the Jacobson contract and the Cohen contract was erroneous.

The petitioner argues that both Justice Miller and this court has misinterpreted Justice Untermyer's opinion in the Cohen case by failing to note that the complaint in that case expressly pleaded that the defendant was bound to fill all orders placed by Resolute Paper Products Corporation for the latter's "requirements of cake boxes," as well as to pay to Cohen a commission on sales made to Resolute,* while no obligation to receive income from the corporation was undertaken by Jacobson and no obligation to accept future contracts with a governmental agency was undertaken by Harry Atlas Sons, Inc., in the case at bar. We cannot find in Justice Untermyer's opinion any reference to an obligation by Bartgis Bros. Co. to accept orders placed by Resolute. The obligation to which he refers is to pay commissions on "any orders that *might* be accepted in succeeding years" (italics added). Nor can we see the relevancy to the issue whether the agreement by its terms was not to be performed within the year, of an allegation that the defendant was bound to accept orders from Resolute as well as to pay a commission to Cohen; non constat that Resolute would place any orders after the year. Moreover, the Fish Clearing House case [Fish Clearing House v. Melchor, Armstrong, Dessau Co.], 174 Wash. 539, 25 P. 2d 381, which Justice Untermyer accepted as a correct application of the statute, expressly indicates that the defendant was under no obligation to make the purchases on which commissions were to be paid to the plaintiff. The opinion states: "There was no continuing contract between the Nichiro Company and appellant for the purchase of the fish * * *."

For the foregoing reasons the petition for rehearing has not convinced us that we have misunderstood the Court of Appeals' affirmance of the Cohen case. We therefore adhere to our former opinion and deny the petition for rehearing.

■ Although an oral contract is held to be within the statute of frauds, a party to the contract may be entitled to reasonable compensation for any performance actually rendered by him under it. Galvin v. Prentice, 45 N.Y. 162, 6 Am.Rep. 58; Harmon v. Alfred Peats Co., 243 N.Y. 473, 154 N.E. 314; Parver v. Matthews-Kadetsky Co., 242 App.Div. 1, 273 N.Y.S. 44; Thacher v. New York W. & B. Ry., 153 App.Div. 186, 138 N.Y.S. 463. In the case at bar the complaint contained a quantum meruit count, but the plaintiff expressly abandoned it during the trial. Whether such abandonment would preclude the bringing of another action for a quantum meruit recovery is a question not now before us and upon which no opinion is intimated.

CLARK, Circuit Judge (dissenting).

With all deference I must record my considered view that the recently decided cases interpreting New York law on the point at issue are so many, so all of a piece, and so completely opposed to the novel view adopted in the two opinions herein that under Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109, and like cases, we should feel bound to reverse our previous conclusion. It may be well to cite all these cases together to indicate their numerical strength, viz., Scanlan v. Henie, 264 App.Div. 913, 35 N. Y.S.2d 844; Jacobson v. Jacobson, 268 App.Div. 770, 49 N.Y.S.2d 166; Alster v. Murray Goldberg, Inc., App. Term, 2d Dept., Dec. 13, 1943;[1] Deucht v. Storper, Misc., 44 N.Y.S.2d 350; Steiner v. Fenster, Sup., 51 N.Y.S.2d 814; Albert v. Siegel, City Ct., Sp. T., 113 N.Y.L.J. 25, Jan. 3, 1945. And I regret the fact that no dis-

---

* The petitioner quotes from the Case on Appeal as follows:

"Seventh: That in October, 1938, the aforementioned agreement with defendant was modified with respect to sales of defendant's merchandise to Resolute Paper Products Corp., by which amendment *defendant agreed to sell direct to Resolute Paper Products Corp.*, a customer procured by plaintiff, *requirements of cake boxes* for the account of Cushman & Sons, Inc., the commissions payable to plaintiff to be based upon the basis of all sales made to Resolute Paper Products Corp. and that as part of said modified agreement, defendant agreed to pay to plaintiff commissions of 5% upon all orders placed by Resolute Paper Products Corp., at any time, whether or not plaintiff was in defendant's employ *at the time of the placing of such orders*" (fols. 27-28). (Emphasis supplied.)

[1] This decision, unreported, appears from the detailed account given us to go *farther* than I believe appropriate; for it orders the *striking out* of the affirmative defense of the statute of frauds in a closely comparable case.

cussion has yet been made of the point which seems to me quite controlling and properly decisive here, to wit, the difference ·in approach which should be required of a court in passing upon a question of pleading only—whether to strike or not to strike a pleading in advance of trial—and in reviewing a case where the defense has been thoroughly tested on the merits.

Cohen v. Bartgis Bros. Co., 264 App.Div. 260, 35 N.Y.S.2d 206, affirmed 289 N.Y. 846, 47 N.E.2d 443, which is so uniquely the source of all our difficulties and the sole basis for a decision contrary to the general current and regretted by my brothers who render it, was a decision on the bare point that the affirmative defense of the statute of frauds, set up in an answer against an oral agreement whose exact terms obviously could not be settled before trial, should not be stricken on motion. But a contrary holding, involving a refusal even to allow presentation of facts supporting the defense, would be opposed to modern liberal pleading trends. I am confident that the exact result in the Cohen case must be accepted as indisputably correct. Indeed, in federal practice, where interlocutory appeals are limited, this minor pleading point would surely have been decided the same way quite summarily and would hardly have provoked any discussion; the fact that in state practice extensive interlocutory appeals are possible, with the necessity of formal ·judgments which become citable precedents, even where there is no statement of the underlying reasons, has led by a succession of easy steps to an inequitable result such as the present. I think it well might be axiomatic that no attempt to decide the merits of a defense of this kind finally and irrevocably should be made on the basis of the mere formal allegations of a pleading. The Cohen case in the Court of Appeals goes no farther, if, indeed, it goes as far; and whatever doubts may have arisen as to the language of the opinion in the Appellate Division are clarified completely by the later decisions of the same court brought to our attention for the first time on this petition.

My brothers appear to concede that Scanlan v. Henie, supra, a decision not only of the same Appellate Division, but also of the very Justice writing the former opinion, is directly opposed to their reading of the Cohen case; and they express concern as to the basis for distinction between the two cases in the same court. But the distinction, I suggest, is quite clear and is the one I stress, viz., that between refusal of opportunity to a party even to try out a defense and review of that defense when rejected on the merits. The Scanlan case was a decision affirming a plaintiff's judgment after a full trial to a jury on conflicting facts and on a charge to the jury stating New York law as it has always been stated, i.e., contrary to the view we are now taking. And the Jacobson case, by the same court, reversing a summary judgment for defendant on this defense, really seems to me to clinch the matter when the court says that whether or not the oral agreement is void and unenforceable under the statute of frauds "can be best determined upon a trial of the issues." In the light of this direct and practical admonition, I think it a repudiation of state law to examine the turn of phrasing adopted by different counsel in stating the oral agreements in the various cases, by way of exegesis of differences vel non in the cases. That there were such differences, making still more natural the Cohen result, seems to me clear, as contended by plaintiff and indeed stated in the opinion; and I do not follow the reliance upon the now reversed opinion of Justice Miller to obliterate those differences. Nevertheless, I should not want to rely on that fact as basis for decision or thus make lawyers' legal language so controlling.

The other cases cited give additional strength to these views. As stated, the Alster case goes even to the point of rejecting the defense before trial. The Steiner and Deucht decisions hold that there is nothing in the Cohen case to force invalidating of oral agreements which, I submit, are not distinguishable from that at bar. The Albert case states once again with force and clarity the fact that these matters cannot be determined fairly and satisfactorily by the court without hearing the evidence. Indeed, our case now offers the anomaly that, while the New York authorities, under the necessity of adjusting themselves to stricter pleading rules, have succeeded in arriving at workable and equitable principles of decision on the merits, we, with the most liberal modern practice, find ourselves constrained by our interpretation of a differing procedure to reach an inequitable result which, it can now be confidently predicted, will not be followed or applied in the state courts themselves.

In any event, the least that should be done, in the interest of substantial justice and to avoid any claim of res judicata, is a grant of permission to the plaintiff to apply to the court below for an amendment of her claim to one in quantum meruit.