In the Matter of the Arbitration between LEE SHUBERT and Another, Doing Business under the Name of S. O. COMPANY, Respondents, and BURTON LANE, Appellant.

*Per Curiam.* The record presents claims made by one of the contracting parties which are arbitrable and should be referred to arbitration.

A further question is raised, however, that the minimum basic agreement referred to in the contract is illegal and void. (See *Ring* v. *Spina*, 148 F. 2d 647.) This question was not passed upon by the court at Special Term.

The order should be reversed, with $20 costs and disbursements, and the matter remitted for trial of this issue.

Martin, P. J., Townley, Dore, Callahan and Wasservogel, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the matter remitted to Special Term for trial in accordance with the opinion of this court. Settle order on notice. [See **270 App. Div. 804, 809.**]

ERNEST M. HIGH, Respondent, v. CHARLES PRITZKER, Appellant.

*Per Curiam.* On the pleadings there is an issue raised as to the effect of the oral agreement. Whether the rule enunciated by this court in *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260) and affirmed in the Court of Appeals (289 N. Y. 846) is applicable to the facts in this case can best be determined upon a trial. (*Jacobson* v. *Jacobson*, 268 App. Div. 770.)

Moreover, it would appear that the first cause of action is for compensation for services rendered by plaintiff at defendant's request as to a specific order of 1,000,000 writing tablets. The Statute of Frauds would be insufficient as a defense to this claim. The motion of defendant for judgment on the pleadings was properly denied.

The order should accordingly be affirmed, with $20 costs and disbursements.

Martin, P. J., Dore, Cohn, Callahan and Peck, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements. [See 270 App. Div. 753.]