Larkih, J.
The complaint pleads an oral contract of August 1, 1941, in which defendant promised that, if plaintiff obtained for it from one Briggs the exclusive right to manufacture and sell the Briggs milling machine, and further induced Briggs to make a written contract with it, entering its employ, to enable it, better, to become equipped to manufacture the machine for sale, it would then give plaintiff a written contract granting him the exclusive sales agency of all Briggs milling machines thereafter manufactured by it, paying a 5% commission; that plaintiff completely fulfilled his part on August 3, 1941; that on August 11,1941, the parties made a supplemental agreement, not pleaded to have been orally made — but concededly it was — which plaintiff fully performed, so that on April 1, 1942, defendant was ready to commence manufacture of the milling machines; that on that date plaintiff demanded a written agency contract in accordance with the two agreements, which defendant refused, but instead, repudiating its promise so to do, manufactured and sold Briggs milling machines until July 21, 1943, when it ceased to do so. The complaint demands judgment for 5% of the sales price of the machines so sold by defendant, less payments made to plaintiff as wages, under the supplemental agreement of August 11th.
*660 Defendant’s answer is, in substance, a general denial, with affirmative pleas of payment and accord and satisfaction, but" it does- not plead the Statute of Frauds. A bill of particulars was served, after answer, specifying that both agreements were oral. Then, the present motion, under rule 112 of the Rules of Civil Practice was made on the ground that the oral agreements were void under subdivision 1 of section 31 of the Personal Property Law. From an order denying its motion defendant appeals.
In view of the obscurity of the complaint the Special Term could, possibly, have denied the motion because of defendant’s failure to plead the Statute of Frauds. Concededly both agreements were oral, as shown by this record, which includes plaintiff’s affidavit on a motion for discovery, to enable him to frame his complaint, in which he states that both agreements were oral. The bill of particulars served reiterates this statement. Seemingly, plaintiff made no objection to the Special Term considering the motion on the merits. Neither on the oral argument, nor in his brief, in this court, was any such question raised. We, therefore, conclude that the rule stated in Harmon v. Peats Co. (243 N. Y. 473) is inapplicable, and that this appeal should be decided as if the complaint specifically alleged both agreements were verbal.
We are not impressed by plaintiff’s argument that, since defendant’s promise was to execute a written contract granting him the exclusive sales agency, thereby a completed contract breached by defendant is pleaded. On the contrary, we conclude that defendant’s alleged promise to reduce this agency contract to writing adds nothing to the enforcibility of the agreement (McLachlin v. Village of Whitehall, 114 App. Div. 315; McLachlin v. Village of Whitehall, 121 App. Div. 903, affd. 194 N. Y. 578; Deutsch v. Textile Waste Merchandising Co,, 212 App. Div. 681, 684; Theiss v. McRae, 260 App. Div. 882; Subirana v. Munds, 282 N. Y. 726; 2 Williston on Contracts [Rev. ed.], § 524A, p. 1512; Browne on Statute of Frauds [5th ed.], § 284, p. 376).
We do not believe that the rule expressed in Restatement of Contracts (§ 178, comment f, p. 235) that an estoppel may arise to preclude the plea of the statute because-of plaintiff’s reliance on defendant’s promise to give him a written agency contract, is applicable. Even though defendant’s refusal so to perform may be" unconscionable and may result in injury to plaintiff, still a mere refusal to perform, in the absence of fraud, seems not enough, in New York, to justify disregarding *661 the statute (Bulkley v. Shaw, 289 N. Y. 133, 139; Kahn v. Cecelia Co., 40 F. Supp. 878). Plaintiff, here, is not left bare and remediless for he has his quasi-contractual action, even if the defense prevails.
While performance by plaintiff would, even though the oral contracts were held to be within the Statute of Frauds, entitle him to reasonable compensation for any performance actually rendered by him under them (Galvin v. Prentice, 45 N. Y. 162; Harmon v. Peats Co., 243 N. Y. 473, supra; Hubbard v. Hubbard, 151 App. Div. 174; Parver v. Matthews-Kadetsky Co., Inc., 242 App. Div. 1), and probably such recovery could be had herein if the complaint contained a count in quantum meruit (Thacher v. New York, Westchester & B. R. Co., 153 App. Div. 186; Parver v. Matthews-Kadetsky Co., supra; Civ. Prac. Act, § 258; Ikle v. Ikle, 257 App. Div. 635; Doyle v. Haven, 262 App. Div. 943; Warren v. Putnam, 263 App. Div. 474), still in this State, in order to take an oral contract of this character out of the operation of the statute, full performance by both parties is necessary (Wahl v. Barnum, 116 N. Y. 87, 98; Tyler v. Windels, 186 App. Div. 698, 700, affd. 227 N. Y. 589; Deutsch v. Textile Waste Merchandising Co., 212 App. Div. 681, supra; Bayreuther v. Reinisch, 264 App. Div. 138,141, affd. 290 N. Y. 553). As to the equitable doctrine of part performance as applied to agreements not to be performed within one year, the New York decisions seem to adopt the rule found in Williston (Yol. 2, Bev. ed., § 533, p. 1541) and not that in Restatement of Contracts (§ 198). This view of the New York rule finds support in Corpus Juris Secundum (Yol. 17, Contracts, § 49, p. 394).
However, even though the agreement pleaded may approach perilously close to the scope of the opinion in Cohen v. Bartgis Bros. Co. (264 App. Div. 260, affd. 289 N. Y. 846) still, having in mind what was actually decided by the Cohen case, namely, that the defense of the Statute of Frauds should not have been stricken from the answer therein, we are not inclined to the view which may, possibly, be inferable from the opinions in Droste v. Harry Atlas Sons (145 F. 2d 899, reargument, 147 F. 2d 675) that by the decision in the Cohen case the long established New York rule as declared in Trustees of First Baptist Church v. Brooklyn Fire Ins. Co. (19 N. Y. 305, 307), Kent v. Kent (62 N. Y. 560, 564), Warren Chemical & M. Co. v. Holbrook (118 N. Y. 586), Blake v. Voight (134 N. Y. 69, 73) and Rochester Folding Box Co. v. Browne (55 App. Div. 444, affd. 179 N. Y. 542) was intended to be overruled. On the contrary, we cannot interpret the subsequent *662 decisions of the same Appellate Division in Scanlan v. Henie (264 App. Div. 913), Jacobson v. Jacobson (268 App. Div. 770) and High v. Pritzker (58 N. Y. S. 2d 706, affd. 269 App. Div. 1015) as warranting snch conclusion.
Accordingly we have reached the determination that the Special Term properly denied the motion, since it does not appear to a certainty that plaintiff cannot recover under any state of facts provable in support of the complaint. Moreover it is far better that such a question be determined upon the trial and not upon a narrow motion under rule 112 of the Rules of Civil Practice, where the decision is necessarily confined to a mere inspection of the complaint, as amplified by the bill of particulars.
Since the order granted leave to defendant to serve an amended answer, we modify the order in that respect by permitting plaintiff, within ten days after service of the order herein, with notice of entry, to serve an amended complaint, and with leave to defendant, within twenty days after service of the same order, with notice of entry, to serve an amended answer. As thus modified, the order should be affirmed, without costs of this appeal to either party.
All concur. Present — Taylor, P. J., Dowling, Habéis, Larkin and Love, JJ.
Order so far as appealed from modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.