Appeal from so much of an order of the Supreme Court at Special Term, entered November 8, 1946, in New York County, as granted plaintiffs’ motion to strike out the defense contained in paragraph “ Twelfth ” of the answer to the first, second and third causes of action in the amended complaint.

Per Curiam.

The order appealed from should be modified by allowing paragraph twelfth of the answer pleading the Statute of Frauds to stand insofar as it relates to the oral agreement for commissions alleged in the complaint to have been made between plaintiffs and defendant corporation on or about June 22, 1945, and to said agreement as thereafter modified with respect to the amount of commissions payable to plaintiffs.
The complaint alleges that plaintiffs’ commissions depended upon their finding “ someone who would undertake to accept and receive about 75% of the defendant corporation’s production to be manufactured and distilled at its registered distillery at Rochester, New York, during a period of twenty-four production months, upon terms satisfactory to the defendant corporation, and pay therefor, as and when manufactured and distilled and delivered, the aggregate of the defendant corporation’s actual cost for materials, plus ten cents per proof gallon for conversion thereof into distilled spirits, plus a profit of ten cents per proof gallon, or under such other agreement as the defendant corporation might choose to approve.” This contract as originally made and as modified with respect to the amount of plaintiffs’ commissions is hereinafter referred to as the “ finders ” agreement.
It is the contention of plaintiffs that the last words of this clause — “ or under such other agreement as the defendant corporation might choose to approve” — qualify the whole finders agreement including the twenty-four. *995 months’ term so as to entitle plaintiffs to commissions upon procuring a purchaser for a shorter period if defendant corporation elected to deal with it however briefly on whatever basis. Plaintiffs further contend, inasmuch as they procured a prospective purchaser (Schenley Distillers Corporation) willing to make a contract with defendant corporation containing a cancellation clause so that there was a possibility of its termination within one year after formation of the finders contract, that the finders contract escapes the Statute of Frauds pursuant to the doctrine of Blake v. Voight (134 N. Y. 69) instead of being voided under Cohen v. Bartgis Bros. Co. (264 App. Div. 260, affd. 289 N. Y. 846). Since this appeal is decided upon a different ground, it is unnecessary to decide whether the unilateral nature of the cancellation clause renders Blake v. Voight (supra) inapplicable.
Paragraph twelfth ought not to be stricken entirely from the answer if the finders contract would be within the Statute of Frauds according to any interpretation which could be placed upon it at the trial. Since the terminology alleged in the complaint referring to 11 such other agreement as the defendant corporation might choose to approve” may be construed to denote such other agreement as the defendant corporation might choose to make regarding the price and terms of sale but without its modifying the twenty-four months’ period during which it may be contended that any customer to be procured by plaintiffs had to undertake to accept and receive defendant corporation’s products in order to enable plaintiffs to earn their commissions, the defense that the finders agreement was not by its terms to be performed within one year from the making thereof (Personal Property Law, § 31, subd. 1) should not have been eliminated.
As so modified, the order so far as appealed from, should be affirmed, with $20 costs and disbursements to the appellants.
Martin, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.
Order, so far as appealed from, unanimously modified "in accordance with opinion and as so modified affirmed, with $20 costs and disbursements to the appellants. Settle order on notice. [See 272 App. Div. 756.]