Per Curiam.

The learned Special Term erred in striking the first defense based on the Statute of Frauds (Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846).
As the alleged agreement of April. 28, 1947, is by its terms an agreement to agree, the third and fourth defenses setting that document up as a contract merging and superseding any other alleged contract were properly stricken as complete defenses. However, the paper writing of April 28, 1947, if signed, as defendants contend, by both parties on that date is admissible under the defendants’ denials in the answer and would be material and relevant on the issues raised.
With regard to the additional bill of particulars requested by defendants, we think that before trial defendants are entitled to know through a bill of particulars verified by plaintiff whether the oral agreement now relied on in the amended complaint preceded or followed the paper writing of April 28, 1947; and plaintiff should also state whether the substance of the alleged oral agreement now relied on in the amended complaint included substantially the statement in plaintiff’s present bill of particulars which was not included in plaintiff’s April 8, 1949, bill of particulars and whether that portion of the agreement was express or implied.
The order of Special Term insofar as appealed from should be modified as above indicated so as to grant items 2(a) and 2(e) of appellants’ notice of motion dated June 17, 1949, and so as to deny so much of plaintiff’s cross motion as seeks to strike appellants’ first defense.
Peck, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.
Order unanimously modified as indicated in opinion. Settle order on notice.