**GRUBER et al.**

v.

**S–M NEWS CO., Inc.**

**No. 15, Docket 22693.**

United States Court of Appeals Second Circuit.

Argued Oct. 8, 1953.

Decided Dec. 9, 1953.

Nemeroff, Jelline, Danzig & Paley, New York City, Elliot B. Paley, Joseph W. Rosenberg, New York City, of counsel, for plaintiffs-appellants.

Whitman, Ransom & Coulson, New York City, Patrick H. Sullivan, Frederick B. Lacey, New York City, of counsel, for defendant-appellee.

Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.

CHASE, Chief Judge.

The appellants, invoking the diversity jurisdiction of the court, sued to recover damages for the breach by the appellee of a contract. The first count in the complaint, and the only one with which this appeal is concerned, alleged that on or about September 10, 1945, the appellants and the appellee made a contract in the City of New York, where the appellee had its principal place of business, in substance as follows:

The appellants agreed to manufacture "for the impending Christmas season" approximately 90,000 sets of twelve Christmas greeting cards conforming to samples which had been submitted to the appellee and to pack each set in a separate box of a design which the appellee had approved. They agreed that all of said sets would be manufactured and boxed and ready for shipment, not later than the second week of the following month, to a list of wholesalers to be furnished by the appellant and that the appellant should have the exclusive rights to the sale and distribution of all such sets.

It was also alleged that the appellee agreed, in consideration for the undertaking of the appellants, to use reasonable diligence to sell all of the sets of cards, "and to that end utilize its resources for scientific sales promotion, for national advertising, for nationwide newsstand and other news outlets, and large sales organization." The appellee agreed to pay the appellants eighty-four cents for each set of cards f. o. b. its wholesaler's respective places of business when, according to the appellee's regular checkup, the cards had been sold at retail. Credit for all sets returned to the appellants as unsold was to be allowed the appellee.

It was alleged that the appellants manufactured and packed the cards as agreed and notified the appellee on October 2, 1945, that they had done so and were awaiting shipping instructions. The appellee then refused to perform its part of the contract.

Among the defenses pleaded in the answer as amended by a pre-trial order was the New York Statute of Frauds. The pre-trial order also limited the issues to whether the parties had made a contract and, if so, its terms; whether if a contract was made the statute of frauds was a bar and the measure of damages, if any.

There was oral evidence, supplemented by letters, sufficient to show, at least *prima facie,* that a contract had been made in terms as the plaintiff had alleged. But the court held that the statute of frauds was a complete defense, in that the contract was not to be performed within one year from the time it was made, and accordingly the judgment for the defendant from which this appeal has been taken was entered at the close of the appellants' case, there being insufficient written memorandum to satisfy the statute.

Were the statute of frauds applicable, we would agree that such writings as were introduced did not conform to its requirements. Gram v. Mutual Life Ins.

Co., 300 N.Y. 375, 91 N.E.2d 307. We cannot, however, agree that the statute applies. The New York statute, Personal Property Law, Consol.Laws, c. 41, § 31, subd. 1, makes unenforceable every parol agreement which "by its terms is not to be performed within one year from the making thereof \* \* \*." Such was held to be the contract in Droste v. Harry Atlas Sons, Inc., 2 Cir., 145 F.2d 899, rehearing denied, 2 Cir., 147 F.2d 675, certiorari dismissed 325 U.S. 891, 65 S.Ct. 1408, 89 L.Ed. 2003. The oral contract which was *prima facie* proved by the appellant did not in terms require more than a year for its performance. The sets of cards were for the Christmas trade which was near at hand and the appellee was at liberty to return for credit all sets of cards unsold. The fair inference is that performance was expected to be completed when the Christmas demand for such cards was over. The period within which the contract was to be performed was not extended by the mere expression of a hope in a letter the appellants wrote the appellee that the initial distribution of the cards "presages a long and mutually beneficial business association, for it is our plan to introduce an expanded line and new features next year." Obviously that referred to the possibility of future business dealings and not to the performance of the contract already made.

Consequently this contract is not within the statute of frauds. Blake v. Voight, 134 N.Y. 69, 31 N.E. 256; Warren Chemical & Manufacturing Co. v. Holbrook, 118 N.Y. 586, 23 N.E. 908; Kent v. Kent, 62 N.Y. 560; Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N.Y. 305; Cf. Newkirk v. C. C. Bradley & Son, 271 App.Div. 658, 67 N.Y.S.2d 459.

Judgment reversed and cause remanded for a new trial.

CLARK, Circuit Judge (concurring).

In view of some question which has arisen as to the construction of this section of the Statute of Frauds in New York, perhaps some further clarification is desirable. Professor Corbin says:

"In its actual application, however, the courts have been perhaps even less friendly to this provision than to the other provisions of the statute. They have observed the exact words of this provision and have interpreted them literally and very narrowly. \* \* \* in general, the cases indicate that there must not be the slightest possibility that it can be fully performed within one year." 2 Corbin on Contracts § 444 (1950). And New York, which had early adopted this view, has only just now reiterated it. "Subdivision 1 of section 31 of the Personal Property Law, Consol. Laws, c. 41, has been so construed as to apply only to agreements which *by their terms* do not admit of performance within one year from the time of their making and if performance be possible within the year, however unlikely or improbable that may be, the agreement does not come within the proscription of the statute." Nat Nal Service Stations v. Wolf, 304 N.Y. 332, 335, 107 N.E.2d 473, citing cases.

Nevertheless certain cases between those cited in the opinion herewith and this latest decision appeared to throw some doubt on this law. See criticism in 2 Corbin on Contracts § 445, pages 27–29 (1953 Supp.). In Droste v. Harry Atlas Sons, 2 Cir., 145 F.2d 899, rehearing denied, 2 Cir., 147 F.2d 675, certiorari dismissed 325 U.S. 891, 65 S.Ct. 1408, 89 L.Ed. 2003, acting under the strict compulsion of the rule of absolute supremacy of state law in the federal courts, our court felt obliged to yield obedience to what it thought was the New York trend; and that decision has led to the result below and may perhaps induce other like errors. But the Droste case was repudiated in Newkirk v. C. C. Bradley & Son, 271 App.Div. 658, 67 N.Y.S.2d 459, and is at variance with Nat Nal Service Stations v. Wolf, supra. Since New York has therefore returned to the normal interpretation of the law, I think both the ruling principle and the resulting inapplicability of the statute could properly be stated with somewhat more emphasis.