Bernard S. Meyer, J.
In this action for salesman’s commissions, plaintiff seeks discovery and inspection of (a) cancelled checks, check stubs, vouchers, invoices, receipts and correspondence between plaintiff and defendant; (b) a correspondence file of plaintiff’s; (c) correspondence file, invoices,- vouchers and memoranda between defendant and two customers allegedly procured by plaintiff; (d) books of account relating to business *1076 done by defendant with the two customers. The complaint alleges an oral agreement confirmed in writing; the defendant admits making certain payments, but denies the contract and pleads the Statute of Frauds.
Since plaintiff contends that the contract obligated defendant to pay commissions so long as customers procured by him place orders with defendant, the Statute of Frauds applies. (Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846; Martocci v. Greater N. Y. Brewery, 301 N. Y. 57; Zupan v. Blumberg, 2 N Y 2d 547.) While plaintiff as a commission salesman may be entitled to discovery of books and records for the purpose of computing damages, the question of damages will never be reached if memoranda sufficient to satisfy the statute do not exist. Accordingly, discovery will be allowed for the limited purpose of ascertaining whether a sufficient memoranda exists. For that purpose discovery may be had of the items designated (a), (b) and (c) above, but of books of account only as they relate to any account with reference to plaintiff maintained on defendant’s books. The foregoing is, of course, without prejudice to a further application should plaintiff, through discovery, be able to produce memoranda sufficient under the Statute of Frauds.