Samuel H. Hoestadteb, J.
The defendant, a Tennessee corporation, appearing specially, moves to vacate a warrant of attachment, on the ground that the cause of action upon which it was granted is based on an agreement void under subdivision 1 of section 31 of the Personal Property Law (Statute of Frauds) and that there is no probability of the plaintiff’s ultimate success in the action. The disposition of the motion hinges on the resolution of this single question.
The warrant rests on the affidavit of the president of Barrie Weiss, Inc. (Weiss), plaintiff’s assignor, a Pennsylvania corporation, and the accompanying summons and complaint. The complaint alleges an agreement made in March, 1959 by which the defendant, Wynwood Mills, Inc. (Wynwood) retained Weiss to procure customers for Wynwood’s production of hosiery and agreed to pay for the services thereby rendered a commission of 3% of the invoice price of all hosiery sold and delivered to customers so procured “ said commission to be paid so long as the defendant should ship hosiery to customers procured by plaintiff’s assignor ”. The action is to recover $15,000 with interest from December 31, 1960, as commissions earned pursuant to the foregoing agreement on deliveries of hosiery to customers procured by Weiss.
The affidavit, verified August 24, 1961, in conformity with the complaint, states specifically that the agreement “ was to the effect that the commissions would continue to be paid so long as the defendant shipped merchandise to the customers procured by the plaintiff’s assignor”. It appears from this affidavit and the affidavit in support of the defendant’s motion to vacate the warrant of attachment, that Weiss procured as a customer for Wynwood Kayser-Both Hosiery Company, Inc. (KayserBoth), a North Carolina corporation of Durham, North Carolina. In June, 1960 Kayser-Both placed an order with Wynwood for the shipment from July through December, 1960 of 1,000 dozen of hosiery a week, Wynwood completed deliveries under this *875 order and paid Weiss commissions of 3% of the invoice price thereon. Wynwood transmitted the final check for commissions on this order by letter of February 8, 1961 in which it said: “ This completed contract with Kayser-Both and terminated our agreement. ’ ’ Kayser-Both placed a later order with Wynwood on which it has refused to pay commission to Weiss; the present suit is brought to recover commission due on the subsequent shipments to Kayser-Both as well as to other unidentified customers. Admittedly, there is no written memorandum of the asserted agreement with Weiss signed by Wynwood.
The agreement on which the plaintiff’s claim and the warrant of attachment are founded is one which under the authorities is by its terms not to be performed within one year from its making and, therefore, in the absence of a written memorandum, void (Personal Property Law, § 31, subd. 1; Cohen v. Bartgis Bros. Co., 264 App. Div. 260, affd. 289 N. Y. 846; Martocci v. Greater New York Brewery, 301 N. Y. 57, 62-63; Zupan v. Blumberg, 2 N Y 2d 547). No significant distinction can be found between the present agreement to pay commissions so long as the defendant should ship hosiery to customers procured by Weiss and that in Cohen v. Bartgis Bros. Co. (supra) to pay commissions ‘1 upon all orders placed by Besolute Paper Products Corp., at any time, whether or not plaintiff was in defendant’s employ at the time of placing such orders ” or between it and the one in Zupan v. Blumberg, to pay the plaintiff 25% commission on any account that he brought in for so long as the account was active (2 N Y 2d 547, 549), both held to be within the statute. Despite this court’s personal disagreement with the Cohen v. Bartgis Bros Co. rule (see Hofstadter and Richter, The Statute of Frauds and Cohen v. Bartgis Bros. Co., N. Y. L. J., Nov. 12, 13, 14, 1958, editorial p.), it is constrained by binding precedent to enforce it.
The plaintiff suggests the possible inapplicability of New York law to this controversy, because Weiss is a Pennsylvania corporation, Wynwood a Tennesee corporation and Kayser-Both a North Carolina corporation. The plaintiff, however, adduces nothing to show what other law should govern or that such other law differs from our own. At the very least the plaintiff, who has invoked the jurisdiction of this court and obtained the provisional remedy of a warrant of attachment, is bound to present something to overcome the normal presumption that the law of a sister State is the same as the New York law.
The plaintiff, citing Spiegel v. Lowenstein (162 App. Div. 443) argues, too, that the quoted statement in the February 8, 1961 letter, the final check and Wynwood’s invoices constitute a *876 memorandum sufficient to satisfy the statute. Wynwood’s continuing obligation to pay commissions, which is of the very essence of the plaintiff’s cause of action, nowhere appears in any of these papers, read singly or as a whole. Since the plaintiff points to no written memorandum of this vital term of the agreement sued on, the contention that there is a sufficient memorandum is necessarily rejected.
Finally, the plaintiff urges that there may still be a recovery on quantum meruit. Even so, this cannot avail the plaintiff on the present motion directed against the warrant of attachment. The plaintiff’s papers rest solely on the express agreement; not alone is there no intimation of a claim in quantum meruit but there is no proof whatever in support of such claim. It follows that, whatever the plaintiff’s ultimate rights in the action, the warrant of attachment, based entirely on the express agreement void under the statute, cannot stand. The motion to vacate it is, therefore, granted.