M. Henry Martuscello, J.
This is a motion to dismiss plaintiff’s first cause of action pursuant to rule 114 of the Rules of Civil Practice.
The action is based upon an alleged oral agreement entered into by plaintiff and defendant in September of 1951. The complaint alleges that in consideration of plaintiff’s introduction of the defendant to the Grand Union Stores, the defendant was to pay plaintiff certain specified commissions on sales of ice cream by the defendant to the Grand Union Stores. The commissions were to be paid on all sales and it was provided that “ in the event the defendant ceased serving such customer for any reason whatsoever, the contract was to terminate upon payment to the plaintiff of all earned commissions. ’ ’ In addition to denying the material allegations of the complaint, the defendant’s answer sets up an affirmative defense that the alleged oral contract was not to be performed within a year from the making thereof and that consequently it was void under the Statute of Frauds.
*20 The question presented for determination is whether the contract pleaded “ By its terms is not to he performed within one year from the making thereof ” (Personal Property Law, § 31, subd. 1).
Defendant relies on Martocci v. Greater New York Brewery (301 N. Y. 57, 62) and Cohen v. Bartgis Bros. Co. (264 App. Div. 260, affd. 289 N. Y. 846) as authorities to sustain its defense.
I find said cases are distinguishable from the one at bar and are therefore not controlling. There, the contracts involved bound the parties thereto for indefinite periods of time, without any provision being made therein for the possible termination of the contractual relationships within a year. In the instant case, the agreement pleaded, although of indefinite duration, provides, in effect, that it is to terminate in the event either Grand Union Stores or the defendant decide to cease doing business with each other. The event thus regulating the termination of the contract may take place within a year; and if it does, the contract, by its own terms is fully performed and comes to an end. Consequently, the Statute of Frauds does not apply. (See Blake v. Voigt, 134 N. Y. 69; Raymond Spector Co. v. Serutan Co., 60 N. Y. S. 2d 212, affd. 270 App. Div. 993, motion for leave to appeal denied 270 App. Div. 1014; Price v. Reynolds Metals Co., 69 F. Supp. 82, 86; cf. Nat Nal Service Stations v. Wolf, 304 N. Y. 332.)
Motion denied. Settle order.