Regis O’Brien, J.
Motion for an order dismissing the complaint pursuant to rule 112 of the Rules of Civil Practice on the ground that the agreement upon which the complaint is based is void and unenforcible because not in writing (Personal Property Law, § 31, subd. 1). Said section, insofar as material to this matter, provides:
‘ ‘ Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
‘ ‘ 1. By its terms is not to be performed within one year from the making thereof ”»
*33 This is an action to recover damages for the alleged breach of an oral contract. The material terms of the agreement alleged in the complaint are that on January 1, 1954, the defendant became the authorized distributor in the eastern part of the United States for the Volkswagen automobile, having succeeded the Hoffman Motor Car Company, Inc., which had previously orally appointed the plaintiff a duly authorized dealer to sell said Volkswagen automobiles in the counties of Niagara and •Erie, New York; that on or about February 1, 1954, plaintiff and the defendant entered into an agreement under which plaintiff was to continue as the permanent dealer at retail for said automobiles in the county of Niagara, where he was to carry a full inventory of parts, provide a full and adequate service department manned by trained personnel, for handling the business. The defendant agreed to furnish and provide as many of the Volkswagen automobiles as the plaintiff would require for his customers in the retail trade, and would continue to sell and furnish such automobiles to the plaintiff as long as he continued to conduct a proper and adequate showroom and service department for such automobiles and that these automobiles were to be furnished to the plaintiff at an agreed discount from the suggested retail prices of the automobiles. It is alleged that the parties operated under this agreement until on or about January 1, 1956, when the defendant notified plaintiff that it terminated the agreement and plaintiff’s dealer agency.
Plaintiff in his bill of particulars states: “ The substance of the agreement was that, so long as the defendant was the distributor for Volkswagen automobiles and service parts in the United States, it would continue to retain the plaintiff as the authorized exclusive retail dealer in the City of Niagara Falls and County of Niagara, New York ”. It is conceded that the bill of particulars must be considered with the complaint on this motion (see Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 279; Forsbrey v. Pulp & Paper Trading Co., 273 App. Div. 770, affd. 297 N. Y. 984; Slavit Furniture Co. v. Eisenberg, 284 App. Div. 1052).
The issue narrows to the question of law as to whether the agreement which was to continue “ so long as the defendant was the distributor for Volkswagen automobiles and service parts in the United States ” is an agreement which “ By its terms is not to be performed within one year from the making thereof” (Personal Property Law, § 31, subd. 1). In other words, is the contingent event, the termination of the defendant’s distributor rights which, as far as anything appearing *34 in the complaint and bill of particulars, might happen at any time after the agreement was made, sufficient to take the agreement out of the Statute of Frauds! We think that under the cases hereinafter discussed the answer must be in the affirmative for as stated in Nat Nal Service Stas. v. Wolf (304 N. Y. 332, 335-336): “Subdivision 1 of section 31 of the Personal Property Law has been so construed as to apply only to agreements which by their terms do not admit of performance within one year from the time of their making and if performance be possible within the year, however unlikely or improbable that may be, the agreement does not come within the proscription of the statute. (See, e.g., Trustees of First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Warren Chem. & Mfg. Co. v. Holbrook, 118 N. Y. 586; Blake v. Voigt, 134 N. Y. 69; Ward v. Hasbrouck, 169 N. Y. 407.) ” (Court’s emphasis.)
In Martocci v. Greater New York Brewery (301 N. Y. 57) the court held that an oral contract, the duration of which was not dependent upon a contingency which might occur at any time, such as is provided for in the instant case, was within the Statute of Frauds. The court, however, said (p. 62): “If the terms of the contract here had included an event which might end the contractual relationship of the parties within a year, defendant’s possible liability beyond that time would not bring the contract within the statute.” In International Ferry Co. v. American Fidelity Co. (207 N. Y. 350, 353) the court said: ‘ ‘ And, since a parol contract of insurance may be completely performed within a year upon the happening of a contingency, it .is not within the Statute of Frauds. ’ ’
In Platt v. Whitelawn Dairies (3 Misc 2d 19, affd. without opinion 2 A D 2d 683) the court denied defendant’s motion for a ■summary judgment and held that the oral agreement, the subject of the action, was not within the Statute of Frauds. The oral agreement alleged was that in consideration of plaintiff’s agreement to introduce the defendant to the Grand Union Stores, the defendant was to pay the plaintiff certain specified commissions oh sales of ice cream made by it to Grand Union Stores but provided that “ in the event the defendant ceased serving such customer for any reason whatsoever, the contract was to terminate upon payment to the plaintiff of all earned commissions.” The court said: “ The event thus regulating the termination of the contract may take place within a year; and if it does, the contract, by its own terms is fully performed and comes to an end. Consequently, the Statute of Frauds does not apply.” (P. 20.)
*35 The following four cases discussed are clearly decisive of the question presented here and show that the agreement between the plaintiff and defendant is not within the Statute of Frauds (Personal Property Law, § 31, subd. 1).
In Steiner v. Fenster (51 N. Y. S. 2d 814) the court granted plaintiff’s motion to strike out the defense of the Statute of Frauds in an action to recover for commissions based on an oral agreement appointing plaintiff as defendant’s sole and exclusive sales agent and distributor throughout the United States. The ¡agreement was to be ‘ for the duration of the war between the United States and Germany and/or Japan ”. The court said '(p. 815): “ At the time the contract herein was made, the end of the war between the United States and Germany and/or Japan was a possible event which might have transpired before the end of the year. The contract could, therefore, have been performed within the year and accordingly is not within the Statute of Frauds.”
In Blakeley v. Agency of Canadian Car & Foundry Co. (73 N. Y. S. 2d 573, 574, 575, affd. without opinion 272 App. Div. 1001) the action was brought to recover for services performed by plaintiff’s testator for the defendant who, under an oral agreement with the defendant, was to be paid for services rendered as an officer and director of the defendant out of the award for damages arising from the destruction of its plant and business by agents of the German Government in 1917 “when, as and if” such award was made. The award was made in 1941. The court in holding that the contract was not within the Statute of Frauds said: “Here, the award might have been made and the contract performed within a year, even though the contingency seemed unlikely and even improbable. There did exist possibility of performance in law and in fact. That is sufficient. The circumstance that the award was not actually made within the year is not controlling. It does not render the agreement void and unenforceable.”
In Storer v. Ripley (282 App. Div. 950) the court held that an oral agreement that the plaintiff should be a director of a corporation as long as he and a third person owned stock in ■the corporation was not within the Statute of Frauds. The court said (p. 951): “ The agreement was not one which, by its terms, did not admit of performance within one year. The stock, the ownership of which measured the obligation to continue the directors in office, could have been disposed of within one year; and the contract was thus possible of performance within that period and so not within the proscription of the Statute of Frauds (Personal Property Law, § 31, subd. 1).”
*36 The cases relied upon by the defendant on this motion are not applicable to the agreement alleged in the complaint. In the case of Cohen v. Bartgis Bros. Co. (264 App. Div. 260, affd. 289 N. Y. 846) cited as authority for dismissal of the complaint, the plaintiff alleged an oral agreement under which defendant agreed to pay commissions ‘ ‘ upon all orders placed by Besolute Paper Products Corp., at any time, whether or not plaintiff was in defendant’s employ at the time of the placing of such orders.” That is distinguishable from our case in that there was no contingency provided for in the agreement by which it could be terminated within one year. The court pointed out that by the terms of the agreement it would continue as long as the defendant and Besolute Paper Products Corp. continued to exist. It rejected the claim that the contract might be terminated by the dissolution of the Besolute Paper Products Corp. or the defendant’s retirement from business. These contingencies were not mentioned in the agreement and either of them would not be the performance but the destruction of the agreement. The court made the significant statement (p. 261): ‘ ‘ Unlike contracts which require the performance of a single act which may or may not be executed within a year, the contract here requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Besolute Paper Products Corp. and, therefore, is impossible of performance within a year.”
In the instant ease there is a single event which could occur within a year of the making of the agreement which would terminate it by performance, such for instance as the defendant’s right to continue to act as a distributor of the Volkswagen automobiles. The contingency that such right might cease at any time was possible and appears to have been contemplated by the agreement.
Such conclusion is based upon the assumption that the duration provision of the agreement provides for an external •contingent event, viz., the discontinuance of the defendant’s right to be the Volkswagen representative in the Eastern United States. This could happen at any time after the making of the agreement. If there is any ambiguity in the provision that the agreement should continue “ so long as the defendant was the distributor for Volkswagen automobiles ”, that is, whether the duration of the agreement was to continue until terminated by the defendant’s voluntary discontinuance of its distributorship or until the manufacturer’s termination of the defendant’s distributorship (with possible different legal consequences), the question will not be determined on motion for when there is a *37 question of ambiguity or a controversy as to the effect of the duration provision of an agreement, the courts hold that the question whether the contract is void and unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1) nan be best determined upon a trial of the issues (Jacobson v. Jacobson, 268 App. Div. 770; High v. Pritzker, 269 App. Div. 1015; Harman v. Spiegel, 1 A D 2d 821; Newkirk v. Bradley & Son, 271 App. Div. 658, 662).
The motion is denied. Submit order.