Louis L. Friedman, J.
Defendant moves for judgment dismissing the complaint upon the ground that the contract upon which the complaint is founded is unenforcible under the provisions of the Statute of Frauds (see Personal Property Law, § 31). The motion is made under the provisions of subdivision 7 of rule 107 of the Buies of Civil Practice.
The action is brought to recover for commissions arising out of the sale of certain companies known as Peerless Pipe & Foundry Company and Dixie Pipe & Foundry Company. The plaintiff and defendants were brokers and plaintiff, who had first been engaged by the said two companies to sell their firms, engaged the defendants herein to aid him in accomplishing the desired result. The original agreement between them is in writing dated August 19, 1955. The plaintiff claims that a separate and distinct additional agreement was made wherein it was provided that in the event that the said property was sold to a corporation to be organized by the defendant Fischman and subsequently sold by said Fischman or his company to another corporation, that the plaintiff would then be entitled to an additional commission in the amount of $15,000. It is further alleged that the said two companies were in fact sold to a corporation controlled by said Fischman and on the basis of said sale, the commission of $30,000 agreed upon was paid to all of the parties herein and divided amongst them. Thereafter, control of said businesses was sold to still another corporation and it is as a result of such latter sale, that plaintiff claims that he is entitled to the additional compensation of $15,000 contemplated by the alleged oral agreement.
Defendant now contends that assuming there was such additional agreement that it is unenforcible because it was not in writing. Defendants assign two reasons for their contention.— to wit, that the agreement did not contemplate performance, within the period of one year and, secondly, that section 31 of the Personal Property Law and particularly subdivision 10 thereof requires that an agreement for commissions resulting from a sale or exchange of business property must be in writing.
*985 The contentions of defendant must be overruled. As to the first contention, the agreement was capable of performance within one year and even though such agreement was unlikely to be thus performed within that period of time, it is not necessary that in order to be enforcible it must be in writing (Ward v. Hasbrouck, 169 N. Y. 407, 419; High v. Pritzker, 58 N. Y. S. 2d 706, affd. 269 App. Div. 1015).
As to the second contention that subdivision 10 of section 31 of the Personal Property Law bars enforcement herein unless the agreement is in writing since it is an agreement for the purchase, sale, exchange, etc., of business property, the complaint specifically sets forth that the payment of $15,000 for which suit has been brought herein, was to be paid to the plaintiff upon a resale and that such payment was in no way dependent upon any services rendered in the consummation of the first transaction. The payment sought herein was not for services rendered in negotiating the sale of business property but was a condition attached to something which might occur thereafter. It may be that the sale and resale were all part of one transaction and that plaintiff was to aid in such resale as defendant now contends. Such fact, however, cannot be determined from the papers before the court and must await the trial of the action. On the pleadings and papers before the court it may not be said as a matter of law that the action is unenforcible under the Statute of Frauds and, accordingly, the motion must be denied.
Submit order.