Harold Baer, J.
During the trial of this case, the jury was waived and discharged. The parties also waived findings of fact and conclusions of law.
Plaintiff, a real estate broker, brought about the sale of premises 565 West End Avenue for over a million dollars to the defendant 123 Cedar Street Corp. The brokerage commission *222 was agreed upon and divided between a cobroker (Jacob D. Goodman), who received $6,718.75, and the plaintiff, who received $11,000.
Prior to the closing, it is plaintiff’s contention, the defendant Edelman, individually, and as an officer and major stockholder of the defendant 123 Cedar Street Corp. requested that the commissions be loaned to them, as additional cash was needed for the closing. It was plaintiff’s testimony that Edelman said, in substance, ‘ ‘ If you lend me the commission, I will pay you on the resale of the property and give you the exclusive right to resell ”.
Following this alleged transaction, on August 10, 1953, plaintiff assigned his entire commission to the defendant S. Frindel, Jr., Inc., which was also a real estate broker and whose principal was an officer of and had an indirect interest in 123 Cedar Street Corp. This was followed by a letter also dated August 10,1953 (which date of signing is in dispute) whereby S. Frindel, Jr., Inc., the assignee, agreed to pay to the plaintiff $3,200 in commissions. Plaintiff contends that he accepted this letter only after Edelman assured him that he would get his money as previously agreed between them.
The plaintiff received a total of $3,200, and the balance of the $11,000 was divided among Langfelder, an attorney for Edelman and the purchasing corporation, who received $3,400; one Sehneir, a broker and appraiser, who received $1,000; and S. Frindel, Jr., Inc,, which retained $3,400.
The property was resold in 1956 and plaintiff brings this action for the balance of his commissions—$7,800, plus the claimed full commission of $19,000 on the resale based on his alleged “ exclusive agency ” even though it is admitted that he did not bring about the resale.
The defendants deny any loan or agreement for any “ exclusive agency”. It is their contention that Langfelder and S. Frindel, Jr., Inc., were cobrokers with the plaintiff, that the plaintiff agreed to pay Sehneir $1,000 as an appraisal fee out of his commissions and that plaintiff signed the assignment, accepted the letter with respect to his commission and indorsed his check “ Payment in full” — fully aware of and satisfied with the disposition of the commissions.
In addition to generally denying the allegations of the complaint, the defendants affirmatively plead that the $3,200 was payment in full and in satisfaction of all claims, and further that plaintiff is barred by the Statute of Frauds (Personal Property Law, § 31).
*223 The testimony of the plaintiff was inaccurate and conflicting in many respects. However, the testimony of the defendant Bdelman suffered from similar infirmities. Further, there is much testimony in direct conflict with Edelman’s recollection of the transaction. Edelman denied needing any money to close the deal; however, one Hymes, an officer of the Bankers Trust Co., testified that at that time Edelman sought a loan. Schneir evidently sold a mortgage for Edelman to raise cash for the closing. This probably explains the $1,000 paid to him, since there was no appraisal by him offered in evidence. Langfelder is deceased but his widow testified that the $3,400 he allegedly .“eceived was never deposited by him in 1953 and that she was tally familiar with all his affairs and if he had received the money she would have known about it. The $3,400 check given to Langfelder was indorsed by Frindel for cash.
To further review the inaccuracies in the testimony of Edelman would serve no purpose nor would it aid in determining the exact arrangement among the parties.
The defense of the Statute of Frauds is inapplicable here. The alleged “ exclusive agency” to resell the property does not come within subdivision 1 of section 31 of the Personal Property Law, since it is an agreement that could be performed within a year from the date of its making. Similarly, there could have been complete performance of the agreement to repay the loan within the period of a year (Lenz v. World-Wide Autos. Corp., 9 Misc 2d 32, affd. 5 A D 2d 1051 ; Mar-Bond Beverage Corp. v. Dublin Distrs., 9 A D 2d 951 ; Linn v. Mahler, 11 Misc 2d 983).
Nor does the agreement to pay come within subdivision 2 of section 31 of the Personal Property Law, as it is not a promise to answer for the debt of another. Edelman’s promise to plaintiff was an original and absolute promise and was intended to and did become a primary obligation (Biener Contr. Corp. v. Elberon Restaurant Corp., 7 A D 2d 391 ; Matter of Yejeski, 138 N. Y. S. 2d 155).
Neither of the agreements relied upon by the defendants is such as to bar testimony under the parol evidence rule. The assignment merely acknowledges the receipt of a consideration and the letter agreement is completely devoid of any consideration. Under the circumstances, parol evidence was admissible to show the true consideration (Baird v. Baird, 145 N. Y. 659 ; Sturmdorf v. Saunders, 117 App. Div. 762, 766, affd. 190 N. Y. 555 ; Richardson, Evidence [8th ed.], p. 553 et seq.). Moreover, the letter on its face is subject to explanation by parol *224 evidence since it merely refers to an “ arrangement ’ • Plaintiff had a right to explain the ‘1 arrangement ’ ’ (Richardson, Evidence [8th ed.], p. 560 et seq.).
I find that the plaintiff did intend to and in fact did lend some of his commissions to Edelman and the buying corporation. There is nothing inconsistent in the testimony or the instruments in evidence with plaintiff’s contention regarding the loan to Edelman and the defendant corporation. I find that Edelman at the time needed cash and his explanation of the alleged payments to Langfelder and Sehneir are incredible.
The agreement for an exclusive agency on the resale of the property is unenforcible for other reasons. It was not a complete or definite agreement. There was no agreement on the purchase price, the amount of cash, the type of mortgage, or for that matter the amount of commission to be paid upon the sale (Meyer & Steffens v. Claflin Realty Corp., 255 App. Div. 565 ; Conrad v. Golden, 275 App. Div. 946 ; Williston, Contracts, Vol. I, §§ 37, 45).
The plaintiff has failed to prove a case against S. Frindel, Jr., Inc., and it is, therefore, unnecessary to appraise the legal effect of the assignment, letter of August 10, 1961, referring to payment of commission, or the checks with the indorsement “ Paid in full ” thereon as to this defendant. There is no evidence of any probative value which would lead to the conclusion that the plaintiff loaned any part of his commission to S. Frindel, Jr., Inc, On the contrary, there is evidence to show that Frindel took part in the dealings which led to the original sale and that the $3,400 admittedly retained by S. Frindel, Jr., Inc., was part of the brokerage commission earned by it.
After deducting the $3,200 received by the plaintiff and the $3,400 paid to S. Frindel, Jr., Inc., there is a balance due to the plaintiff of $4,400. From this must be deducted an unpaid note due from plaintiff to defendant in the amount of $150.
Plaintiff may have judgment against the defendants Samuel Edelman and 123 Cedar St. Corp. for $4,250 with interest from the first day of November, 1956. The action is dismissed as against the defendant S. Frindel, Jr., Inc.